SAMUEL H. STEELE ET AL., APPELLANTS, V. ARCHIBALD F. COON ET AL., APPELLEES.

[FILED OCTOBER 15, 1889.]

1. **Fraudulent Conveyances:** CONCEALMENT: NON-PURSUIT. "A deed not fraudulent at first, may become so afterwards by being concealed, or not pursued, by which means creditors have been drawn in to lend their money." (*Hildreth v. Sands*, 2 Johns. Ch., 35.)

2. ———: DEED FRAUDULENT THROUGH LACHES. Upon the facts stated in the opinion, *held*, that the first set of conveyances therein referred to, though not fraudulent at first, became so afterwards by being withheld from the records.

3. ——: *Held*, also, that the second deed of the farm therein referred to should be upheld to the extent of the money actually advanced and paid by R. C. to A. F. C.

4. ——: CONSIDERATION. *Held*, further, that the deed of the homestead from R. C. to A. F. C., under the facts and circumstances of the case, could not be deemed a consideration to the extent of the value of the same for the conveyance of the farm by A. F. C.

5. ——: ——. There being no evidence of the value of the estate in remainder to be vested in the heirs of the holder of the general title to said homestead, upon the death of the survivor, as between husband and wife, the same will not be considered as adding to the other consideration for the conveyance of the farm.

APPEAL from the district court for Butler county. Heard below before NORVAL, J.

*S. H. Steele, R. S. Norval,* and *J. W. McLoud,* for appellants:

The consideration is inadequate and Mrs. Coon is not a *bona fide* purchaser. (*Savage v. Hazard,* 11 Neb., 323; *Case v. Sawtelle,* Id., 51.) Even though he pay a full consideration, the law will not protect a purchaser if the sale was made to hinder or defraud creditors. (*Wake v. Griffin,* 9 Neb., 52; *Gragg v. Martin,* 12 Allen [Mass.], 498; *Bunn v. Ahl,* 29 Pa. St., 387; *Root v. Reynolds,* 32 Vt., 139; *Blennerhassett v. Sherman,* 105 U. S., 117.) In order that possession by grantor after conveyance may be innocent, there must be a recording of the deed or notice to a third party before he deals with the grantor (*Bogard v. Gardley,* 4 Sm. & M. [Miss.], 302; *Harney v. Pack,* Id., 229; *Hilliard v. Cagle,* 46 Miss., 341); and a grantee by his long laches in failing to record is estopped from claiming the land as against the grantor's creditors (Wait, Fraud. Conv., secs. 235–6, 305; *Neslin v. Wells,* 104 U. S., 483; *Gill v. Griffith,* 2 Md. Ch. Dec., 281; *Coates v. Gerlach,* 44 Pa. St., 43; 1 Story, Eq. Jur., (13 Ed.), sec. 389; 2 Herman, Es-

toppel, secs. 953, 968, 976; 2 Pomeroy, Eq. Jur., secs. 810, 811.) Transactions between husband and wife to the prejudice of creditors are closely scrutinized and their *bona fides* must be established. (*Aultman v. Obermeyer*, 6 Neb., 260; *Bank v. Bartlett*, 8 Id., 329; *Lipscomb v. Lyon*, 19 Id., 511; *Thompson v. Loenig*, 13 Id., 386; *Seitz v. Mitchell*, 94 U. S., 580.) A deed not at first fraudulent, may become so by concealment or non-pursuit. (*Hungerford v. Earle*, 2 Vernon [Eng. Ch.], 260; *Hildreth v. Sands*, 2 Johns. Ch., 36; *Scrivenor v. Scrivenor*, 7 B. Mon. [Ky.], 374; *Bank v. Housman*, 6 Paige [N. Y.], 526.) There is a presumption against appellees which they must overcome by affirmative proof. (*Koch v. Rhodes*, 10 Neb., 447; *Roy v. McPherson*, 11 Id., 200; *Hoagland v. Wilson*, 15 Id., 320.) It is the policy of the law to discourage secret liens. (*Edminster v. Higgins*, 6 Neb., 265; *Ansley v. Passahro*, 22 Id., 662.)

*J. C. Robberts*, and *A. J. Evans*, for appellees:

A conveyance, though voluntary, to a relative, is good if grantor at the time is able to secure his creditors (3 Washburn, R. P., 356; *Stewart v. Rogers*, 25 Ia., 395; *Sparkman v. Place*, 5 Ben. [U. S. C. C.], 184); subsequent embarrassment does not make it fraudulent (*Lyman v. Cessford*, 15 Ia., 229); and one must show that he was a creditor at the time, to obtain relief against a fraudulent conveyance. (*Stone v. Meyers*, 9 Minn., 294.) This case differs from those cited by counsel for appellants on the doctrine of concealment and non-pursuit, in that the transfer was for a valuable consideration and the grantor was not in debt. Silence, without fraud or knowledge of its effect, will not constitute estoppel. (*Picard v. Sears*, 6 A. & E. [Eng. Q. B.], 469, [S. C. 2 Nev. & P., 488]; *Malloney v. Horan*, 49 N. Y., 111; *Anthony v. Stephens*, 46 Ga., 241; *Cady v. Owen*, 34 Vt., 598; *Banking Co. v. Duncan*, 86 N. Y., 221; *McGovern v. Knox*, 21 O. S.,

547; Herman Estoppel, secs. 974, 975.) Parties under disability are not estopped unless they have been guilty of fraud. (Bigelow, Estoppel, 486; *Kane v. Herrington,* 50 Ill., 232; *Schnell v. Chicago,* 38 Ill., 382; *Davidson v. Young,* Id., 146; *Rogers v. Higgins,* 48 Id., 211; *Schwartz v. Saunders,* 46 Id., 18; *Miles v. Lingerman,* 24 Ind., 385; *M'Coon v. Smith,* 3 Hill [N. Y.], 147.) If the one doing the act could not have given a deed to the land, his act cannot create an estate by estoppel. (Herman, Estoppel, sec. 967; *Lowell v. Daniels,* 2 Gray [Mass.], 169; *Beaupland v. McKean,* 28 Pa. St., 124; *Ackley v. Dygert,* 33 Barb. [N. Y.], 176; *Allen v. Allen,* 45 Pa. St., 473.)

Cobb, J.

This cause was appealed from the judgment of the district court of Butler county, by the First National Bank of Seward, Samuel H. Steele, and David Belsley, who exhibited their creditors' bills, in the court below, against Archibald F. Coon and Rebecca, his wife, Frank R. Coon, a minor, and J. G. Ross, setting up that on August 22, 1884, Archibald F. Coon was the owner of the southwest quarter of section 30, township 15 north, range 3 east, of the sixth principal meridian, of record, in his name, in said county; that with William H. Westover and J. Robert Williams he executed his promissory note to said bank for $1,500, due October 22, 1884, with ten per cent interest; that credit for said loan was given them on the faith of said Coon being the owner of said real property; that on November 17, 1885, said bank recovered judgment on said note against the makers, in the district court of Seward county, Nebraska, for the sum of $1,660 and $9.53 costs, with interest thereon at ten per cent per annum from the date of judgment, which remains unpaid; that on June 29, 1886, a transcript of said judgment was filed in the district court of Butler county, and execution was issued

against said Coon which was duly served and returned "*nulla bona*," but was levied upon said land. That on June 24, 1878, the government of the United States patented said land to said Coon; that on October 13, 1884, said Coon, and his wife Rebecca, without consideration and with intent to defraud the First National Bank of Seward, and other creditors, pretended to convey said land to Jacob G. Ross, with like intent on his part, who, without consideration and for like purposes, pretended to convey said land to Rebecca Coon and Frank R. Coon; that at the time of such fraudulent conveyances Archibald F. Coon was indebted to various creditors $6,000, and the judgment debtors, Westover and Williams, were entirely insolvent, the latter being out of the state and a fugitive from justice; that Archibald F. Coon has no other property except said land, which, if free of incumbrance, and with an unclouded title, is worth about $8,000, out of which said judgment can be made, but which, by reason of said fraudulent conveyances, could not be sold to satisfy the same; with prayer that the conveyances be set aside, and for general and complete relief.

The bill of Samuel H. Steele represents his judgment (by proceedings in attachment, commenced October 25, 1884) against Archibald F. Coon and William H. Westover for the sum of $1,535.66, with interest at ten per cent per annum, rendered in the district court of Butler county, December 8, 1884, and levied upon the same property, with prayer for like relief.

That of David Belsley represents his judgment against Archibald F. Coon and William H. Westover for the sum of $1,264.30, on note made by the parties August 12, 1884, for $990, with interest at ten per cent per annum, rendered in the district court of Butler county June 6, 1887, with prayer for like relief.

The record of the judgment of Sumner & Co., on note of Westover, Williams & Coon, dated April 22, 1884, for

$2,000, at ten per cent interest, in district court of Butler county June 6, 1887, for the sum of $2,633.33 and $24.83 costs, was filed in the case as a lien against the real estate in the creditors' bills herein.

The defendants answered, setting up that on October, 13, 1884, A. F. Coon and Rebecca, as husband and wife, executed and delivered certain deeds of conveyance of said land to J. G. Ross at the special instance and request of Rebecca; that the same were made in good faith and for the valuable consideration of $4,000, and on March 27, 1883, the land was deeded by Rebecca Coon and said Ross to Rebecca Coon and Frank R. Coon jointly; that Rebecca Coon unintentionally failed to have her deeds recorded and the same became lost without the intention of delaying or defrauding the creditors of A. F. Coon, or aiding him to contract future indebtedness; that at the time of said conveyances to Ross and by him to Rebecca and Frank R. Coon, defendant A. F. Coon was not indebted to any person or persons, and did not after that time become indebted on his own account, or that of either of the defendants, or of any other person in whom he was pecuniarily interested; and all of the debts contracted after the execution of said conveyances were security debts for others from which the defendant A. F. Coon neither received nor was promised nor expected any consideration for himself or any other person; and the judgment which the plaintiff recovered and holds against him is a security debt for which these defendants nor either of them received any consideration whatever; that the debt so contracted to the plaintiffs, as well as all other debts which A. F. Coon may now owe as security for others, were contracted without the knowledge or consent of the co-defendants or either of them. It is further set up that at the time A. F. Coon first conveyed the land to Ross, Rebecca Coon was his wife, and the conveyances were made for the express purpose of being reconveyed to the wife and her son, Frank R. Coon. At the

time and prior thereto Rebecca Coon was the owner of lots one, four, and five in block forty-seven, in David City, which were of the value of $1,600, purchased by her of one Rolph, with her own money from her father's estate, in the month of June, 1881; that as part consideration for the land in controversy, on March 27, 1883, she conveyed said town lots to Ross to be conveyed to A. F. Coon, which was executed on the same day; that as a further consideration for the land she paid A. F. Coon, on the same day, the sum of $850. And as a further consideration she discharged and released A. F. Coon from an obligation and debt which was owing by him to her of $1,700, contracted as follows in cash:

In the year 1867..............................................$500
    "      1872................................................. 100
    "      1876................................................. 100
    "      1880................................................. 500
    "      1880................................................. 168

which sums were received from her father's estate and were loaned by her to A. F. Coon, under an agreement between them at said times that the same should be repaid.

It is also set up that the deeds and conveyances made on the 13th of October, 1884, by the defendant's conveying the land in controversy were so made in lieu and place of those of March 27, 1883, which had become lost. Defendants deny all allegations of fraud, and deny that A. F. Coon was the owner of the land in controversy at the time of signing the note on which the plaintiffs' judgments are based, or that the land at that time was standing in his name; with prayer for complete discharge from the complaints of the petitioner's bill.

The First National Bank of Seward made reply denying the allegations of the defendant's answer, except that the deeds mentioned were executed March 27, 1883, and that those of October 13, 1884, were in lieu of those of March 27, 1883, and that defendant Coon was a surety

on the note taken by plaintiff on which the judgment is based; and avers that the defendants, by reason of their failure to place on record in Butler county, Nebraska, the deeds alleged to have been made March 27, 1883, until long after contracting the indebtedness to plaintiff, which was contracted upon the responsibility of A. F. Coon, and upon the fact that the title to the land mentioned stood in his name, upon which the plaintiff relied that he was the owner thereof, and had no means of knowledge that A. F. Coon had ever made the deeds of date March 27, 1883, as stated in the answer — that by reason of the fraudulent acts of the defendants in negligently and carelessly withholding from the records the deed of March 27, 1883, the defendants are estopped from claiming any rights whatever under said deeds or any interest in said land as against the plaintiff.

The answer of defendants to the bills of Steele and Belsley were of the same tenor and defense as that stated in the case of the bank; that of the minor defendant, Frank R. Coon, was by guardian *ad litem*.

There was a stipulation by the parties in the court below that the several cases of The First National Bank of Seward, Samuel H. Steele, David Belsley, and Sumner & Co. against Archibald F. Coon and others shall be consolidated for the purposes of trial and the final determination of the rights of the several parties as of the 14th of July, 1887; that in the cases of Sumner & Co. and Belsley the defendants shall answer as of that date to the same effect as in the cases of the bank and of Steele, and replies in all cases shall be to the effect of that in the case of the bank; and that the parties in each case may severally object to all testimony offered as to competency and relevancy the same as if taken separately, with other special provisions as to the equal terms in the several cases upon which the merits of each shall be considered and adjudicated; not deemed necessary to further set out; the agreement to be

38

filed and treated as a part of the record of the consolidated case as a general stipulation, dated February 9, 1888.

There was a trial to the court under the terms of this stipulation, with findings for all the defendants and judgment that the consolidated case and the several actions upon which it is founded be dismissed at the cost of the plaintiffs, and that the title to the land in the petitions described be forever quieted and settled in the defendants, Rebecca Coon and Frank R. Coon, jointly.

It appears from the bill of exceptions that on the 27th day of March, 1883, and for a long time prior, the defendants, Archibald F. Coon and Rebecca Coon, were husband and wife, and that the defendant Frank Coon was their infant and only child.   Archibald F. Coon was the owner of a farm adjoining David City, consisting of about one hundred and sixty acres of improved land of the value of five thousand two hundred and eighty-five dollars.   Rebecca Coon was the owner of a homestead in David City consisting of three city lots on which were a dwelling house and appurtenances, which were used and occupied by all of the above named defendants as their family homestead.   The occupation of Archibald F. Coon was that of United States postmaster at David City, and he was not indebted.   Rebecca Coon, after her intermarriage with Archibald, had received from her father, during his life, and from his administrators, after his death, at sundry times, and in various amounts, the aggregate sum of about four thousand dollars.   About eighteen hundred and fifty dollars of this money she had at sundry times, and in different amounts, loaned to her husband, the said Archibald, sixteen hundred and fifty dollars of which she had invested in the purchase of the homestead in David City, occupied by the family, as above stated, and about five hundred dollars of which she had then in possession.   It also appears that at the said date Archibald F. Coon and Rebecca Coon executed a deed to the defendant J. G. Ross, of the

farm above referred to, and Ross executed a deed of the same property to Rebebca Coon and Frank Coon, the minor. At the same time Rebecca Coon and Archibald F. Coon executed to said J. G. Ross a deed of the homestead, above referred to, and Ross executed a deed of the homestead to Archibald F. Coon. These deeds were all placed, by the attorney who drafted them, into the hands of Rebecca Coon. They were none of them ever recorded.

On the 12th day of August, 1884, Archibald F. Coon, together with one J. Robert Williams, and as surety for him, executed and delivered to the Platte Valley Bank a promissory note for the sum of nine hundred and ninety dollars, due the first day of September, next thereafter. On the 1st day of October, 1884, he, together with said J. Robert Williams, and one W. H. Westover, and as surety for them, executed and delivered to Samuel H. Steele, a promissory note for two thousand dollars, due thirty days from said date. On the 22d day of April, 1884, he, together with Westover and Williams, and as surety for them, executed and delivered to Sumner & Co. a promissory note for two thousand dollars, due thirty days from said date, and on the 22d day of August, 1884, he, together with said J. Robert Williams and W. H. Westover, and as surety for them, executed and delivered to the First National Bank of Seward a promissory note for fifteen hundred dollars, due on the 22d day of October, 1884. These notes were afterwards reduced to judgment by the respective holders thereof as against the said Archibald F. Coon, and which judgments are sought to be enforced by the respective creditor's bills in this action. (The note to the Platte Valley Bank passed into the hands and became the property of the plaintiff, David Belsley.)

It further appears that some time between the first and thirteenth days of October, 1884, the said J. Robert Williams and W. H. Westover, who were engaged in business as copartners under the firm name and style of

Westover & Williams, failed in business, became and were insolvent, and one of them absconded.    Thereupon some of the said creditors began to press the said Archibald F. Coon for payment.

It further appears that on the 13th day of October, 1884, Archibald F. Coon and Rebecca Coon executed another deed to J. G. Ross of the said farm, and Ross executed another deed of the same property to Rebecca Coon and Frank Coon.    At the same time Rebecca Coon and Archibald F. Coon executed to said J. G. Ross another deed of the homestead and Ross executed another deed of the homestead to Archibald F. Coon.    All of these last mentioned deeds were immediately placed upon record.    After the recording of the above conveyances Archibald F. Coon had no property standing in his name out of which the said judgments or any of them could be made or collected.

It is one, though not the principal, ground of contention, on the part of the defendants, that the case turns upon the consideration of the conveyances made on the 27th day of March, 1883, and that as at that time the defendant, Archibald F. Coon, was not indebted to any one, and especially not indebted to any or either of the plaintiffs, and did not purpose or contemplate entering upon or engaging in any hazardous enterprise, and especially not those which resulted in the indebtedness upon which plaintiffs' judgments were rendered, the conveyance of the farm made on that day, even if voluntary and without consideration, was not nor could have been fraudulent.    The other and principal ground is applicable to both sets of conveyances, that Rebecca Coon was a *bona fide* creditor to the extent of about nineteen hundred dollars for money actually loaned to him by her, which she had received from her father and from her father's estate; that this indebtedness, together with five hundred dollars which she then had in hand, derived also from her father's estate, and which she paid to Archibald F. Coon on the day of the

execution of the first set of deeds, and the homestead, which was worth and had actually cost her sixteen hundred and fifty dollars, and was conveyed to Archibald F. Coon, as for that sum as a consideration, constituted a full and fair consideration for the conveyance of the farm from Archibald F. Coon to Rebecca Coon and Frank Coon; so that as to the last set of conveyances, although at the date of their execution Archibald F. Coon had incurred the obligation upon which the several plaintiffs' judgments were afterwards rendered, as none of the liens had then attached, the conveyance of the farm was free from fraud either in fact or in law.

Neither of the conveyances of the farm can be upheld as a voluntary conveyance. The second conveyance, for the obvious reason that at its date the grantor, Archibald F. Coon, had already incurred the obligations upon and for which the several judgments of the plaintiffs were afterwards rendered against him; and the first conveyance, for the reason that the deed was in law concealed and not pursued in not being placed upon record, in the due and ordinary course of business in like transactions, nor until after the incurring of the obligations by the grantor which are now sought to be enforced against said farm—indeed never was recorded.

"A deed not fraudulent at first, may become so afterwards by being concealed or not pursued, by which means creditors have been drawn in to lend their money." (*Hildreth v. Sands*, 2 Johns. Ch., 35.) "A deed concealed from the public, the grantor remaining in possession and acquiring credit on the strength of his supposed ownership of the property, is fraudulent." (*Barker v. Barker's Assignee*, 2 Woods [U. S. C. C.], 87.) In addition to cases cited in the brief of counsel for appellants see also *Sexton v. Wheaton*, 8 Wheat. [U. S.], 229; *Worsley v. DeMattos*, 1 Burr. [Eng. K. B.], 467; *Leukner v. Freeman*, Freem. [Eng. Ch.], 236.)

But the conveyance of the farm made on the 13th day of October, 1884, will be upheld to the extent of the actual consideration which passed therefor between the Coons, husband and wife.

In the case of *Aultman, Taylor & Co. v. Obermeyer*, 6 Neb., 260, this court, in the opinion, said: "Transactions between husband and wife, in relation to the transfer of property from one to the other, by reason of which creditors are prevented from collecting their just dues, will be scrutinized very closely, and the *bona fides* of such transactions will have to be established beyond question in order to be sustained by a court of equity." Said case was cited and the above from the opinion quoted in the opinion in the case of *First National Bank v. Bartlett*, 8 Neb., 319, and to the quotation is added "The reason is, that there is such a community of interest between husband and wife, that such transfers are often resorted to for the purpose of withdrawing the debtor's property from the reach of his creditors, and preserving it for his own use. Therefore, in a contest between the wife and the creditors of her husband, there is a presumption against her which she must overcome by affirmative proof." The above was reiterated in the case of *Thompson v. Loenig*, 13 Id., 386, and again in that of *Lipscomb v. Lyon*, 19 Id., 511.

But admitting the presumption to be against Mrs. Coon and subjecting the facts of the case, as shown by the bill of exceptions, to the severest scrutiny and closest examination, it appears that she has invested in the farm about twenty-four hundred dollars in money derived from her father, and from his estate, in the farm in question, and that she did this in good faith. True, this investment was consummated by the first conveyance, which was never recorded, but this was not a voluntary conveyance, but made upon a good and valuable, if not upon a full, consideration. The failure to record the deed was not intentional on the part of the grantee, although there is some evidence tending to

prove that she kept the deed off of the records lest a knowledge of the conveyance might cause uneasiness on the part of the bondsmen of Archibald F. Coon as postmaster. This evidence is sufficiently rebutted. But be that as it may, although the first deed was not recorded until after the incurring of the obligations by Archibald F. Coon, upon which plaintiffs' judgments were rendered, Mrs. Coon was placed in no worse condition than though it had never been made; and it having been lost or accidentally destroyed, there was no fraud on her part in receiving a new conveyance to replace it to the extent of the money which she had actually advanced or paid to her husband as a consideration therefor. How was it on the part of Archibald F. Coon at the date of the last conveyance? He had become obligated to the plaintiffs to pay them large sums of money; he had also received from his wife a much larger sum. None of the former had become liens upon the farm; the latter, by reason of the last conveyance, was, to say the least of it, an equitable lien upon the farm. It was, therefore, as I conceive, no fraud against the plaintiffs for him to pay or secure the money received from and due to his wife by a reconveyance of the farm.

In speaking of the amount of the consideration advanced and paid to Archibald F. Coon by Rebecca Coon for the conveyance of the farm, I do not include the value of the homestead. The former as the husband of the latter, and being in the actual possession of this property, they, together as one family, residing upon and occupying it as a homestead, although the general title was in the wife, had an indefeasible estate in it; and while I do not say that the conveyance of such general title by her to him was no consideration for the conveyance of the farm by him to her, it is obvious that the general value of the homestead as property in the market furnishes no measure or *index* of the value of a conveyance of such general title from the wife to the husband. Before such conveyance, as well as

after, no conveyance of the homestead to a third person, without the assent and signatures of both husband and wife, would be effective or binding upon either, nor would any incumbrance sought to be created or suffered, and upon the death of either, at least a life estate therein will vest in the survivor.    I therefore conclude that while, under the facts and circumstances of this case, the legal title of the farm passed to Rebecca Coon and Frank Coon by virtue of the deed of October 13, 1884, they took and hold such title subject to the equities and liens of the plaintiffs, or those of them whose claims or judgments became liens against the property of Archibald F. Coon prior, in point of time, to the extent of the fair market value of said farm over and above the sum of $2,400.

The decree of the district court is reversed and a decree will be entered in this court for the plaintiffs, establishing their several and respective liens upon the said farm in the order of their several and respective priorities, as hereinafter stated, subject nevertheless to the prior lien and title of the said Rebecca Coon and Frank Coon to the sum, amount, and value of $2,400 thereon.

The several and respective amounts and priorities of said liens are fixed and declared as follows:

1. Rebecca Coon and Frank Coon, amount, $2,400. Date, March 27, 1883.

2. Samuel H. Steele, amount, $1,548.11.   Date, October 25, 1884.

3. First National Bank of Seward, amount, $1,669.53. Date, November 17, 1885.

4. David Belsley, amount, $1,264.30.    Date, June 6, 1887.

5. Sumner & Co., amount, $2,658.16.    Date, June 6, 1887.

For the purposes of such decree the value of said farm is found and fixed at $5,285.

Upon the payment by the defendants, Rebecca Coon and

Frank R. Coon, to the clerk of this court, within six months from the date of the entry of this decree herein, of the sum of $2,885, with interest thereon from the date of said decree at seven per cent, and the costs of this action in both courts, to be distributed to the plaintiffs according to the priorities of their several and respective liens, the said farm will be fully and entirely discharged of and from said liens and each and all of them.

DECREE ACCORDINGLY.

THE other Judges concur.