FRANK J. KIRCHMAN V. AMELIA KRATKY.

FILED APRIL 21, 1897.   No. 7220.

1. **Instructions:** ASSIGNMENTS OF ERROR. An assignment of error in
   a motion for a new trial that "The court erred in giving para-
   graphs 3, 5, 7, 8, 9, 10, 11, 12, and 13 of the instructions, and in
   giving each of them, given by the court on its own motion," is
   sufficiently specific. It refers to each paragraph separately and
   not in group. (*Aultman v. Martin*, 49 Neb., 103.)

2. ——: ——. A similarly worded assignment, in the motion for
   a new trial, in regard to a refusal to give several enumerated in-
   structions proffered by the complaining party is within the same
   rule and is sufficiently specific.

3. **Fraudulent Conveyances:** HUSBAND AND WIFE: BURDEN OF PROOF.
   It is the general rule that fraud will not ordinarily be presumed
   but must be established by the party who has alleged it. The
   rule does not apply in a contest between a wife and creditors of
   her husband, in respect to transactions involving the transfer of
   property from the husband to the wife. In such a contest there
   is a presumption against her which she must overcome by affirm-
   ative proof. She must show, by the preponderance of the evi-
   dence, the *bona fide* character of the transaction. (*Carson v.
   Stevens*, 40 Neb., 112.)

4. ——: ——: INSTRUCTIONS. Actions of the trial court, in giving
   certain instructions and refusing others, examined, and *held* erro-
   neous.

ERROR from the district court of Saunders county.
Tried below before WHEELER, J.   *Reversed.*

*Good & Good* and *Simpson & Sornborger*, for plaintiff in
error.

*Reese & Gilkeson, contra.*

HARRISON, J.

In this action the defendant in error claimed to recover
of the plaintiff in error the sum of $3,287.13 and interest
thereon, alleging in her petition for cause of action that
on and prior to April 16, 1892, she was the owner of cer-
tain lands in Saunders county, this state, by virtue of a

contract of sale from the state of Nebraska, executed and delivered to her on or about October 20, 1889; that on or about April 16, 1892, she transferred and assigned all her interest in the real estate to Rudolph Safranek and August Widman, in consideration of the payment to her of the sum of $3,287.13; that the money, the purchase price of the land, was, within her knowledge and consent, as the result of an arrangement between Florian V. Kratky, the husband of defendant in error, and the purchasers of the lands, paid to or placed in the hands of Frank J. Kirchman, the plaintiff in error; that on or about the 3d day of May, 1892, her husband departed this life and Frank J. Kirchman was duly appointed administrator of the estate of the deceased, gave the required bond, and entered upon the performance of his duties as administrator, and in such capacity took and holds possession of the said sum of money and refuses to pay the same, or any part thereof, to defendant in error, although often requested so to do, wherefore she demanded judgment. In the answer the defendant in error's ownership of the lands was specifically denied, and all allegations of the petition as to which there was not an admission were made the subject of a general denial. It was alleged that the money expended in the purchase of the lands from the state was money of the husband, who, it was stated, at the time of such purchase was insolvent, and was so at the time of his death; that the title to the real estate was taken in the name of the wife, with the intent and for the purpose of cheating and defrauding the creditors of the husband, and with the intent and for the purpose of concealing and preserving the interest of the husband in the land and preventing its application to the payment of his debts. It was also pleaded that on the 16th day of April, 1892, the defendant in error joined with her husband in a conveyance of the lands to Rudolph Safranek and August Widman, the consideration being the sum of $3,287.13, which was paid to the plaintiff in error; that the sale was with the full knowledge and

concurrence of the defendant in error, and the money derived from such sale was paid to plaintiff in error in express trust for the benefit of, and to be paid to the various creditors of, the husband, who was indebted in the aggregate about $10,000; that the money derived from the sale of the lands was so placed in the hands of plaintiff in error with the full knowledge and consent and by the direction of Florian V. Kratky and his wife, the defendant in error.   The allegations of the death of Florian V. Kratky, the appointment of plaintiff in error as administrator of his estate and the assumption of the duties of the administration, and the possession of the money in controversy as a part of the estate of the deceased were admitted.   It was further pleaded that plaintiff in error was appointed administrator of the estate at the instance and request of defendant in error, and pursuant to the prayer of a petition filed by her in the proper court; that in such petition she stated that the property of her deceased husband consisted of real estate in the city of Wahoo of the probable value of $1,000 and personal estate of about $3,000, knowing at the time that practically all the personal property of the estate was the money, the trust fund in the possession of the plaintiff in error.   It was also pleaded that on about March 1, 1893, the defendant in error filed a petition in the county court of Saunders county asking that a mortgage indebtedness existing against the property in which she was residing, and which had been the residence and homestead of herself and her husband at the time of his death, might be paid from the proceeds of the personal estate of the deceased, with full knowledge that the only personal estate of any appreciable value was the money, the trust fund in the hands of plaintiff in error.   It was also stated that at all times during his life, after the purchase of the lands from the state, Florian V. Kratky treated the lands as his own, and received the rents and profits thereof and made all deferred payments of the purchase price to the state as they matured.   It was further pleaded that the

plaintiff in error, as administrator, had reported this money to the county court in the schedule of assets or personal property of the estate of Florian V. Kratky, and had proceeded to administer the estate with a view to the payment of the debts of the deceased, and had in the course of the administration incurred necessary expenses and paid out sums aggregating $500, for the payment of which there was no personal or other available estate to exceed in value $50, save and except the aforesaid trust fund or money. The reply filed was as follows:

"Now comes said plaintiff and for her reply to the answer of said defendant says:

"She admits that defendant was appointed administrator of the estate of Florian V. Kratky with the consent of plaintiff, and upon her petition; but says that she did not know anything therein stated in said petition would or could affect her legal rights, nor was she informed of any such fact or condition, nor did she know her legal rights in the premises, nor the effect of any statements therein made.

"Plaintiff further answering says that she signed the petition asking that the administrator be first required to pay the mortgages on the homestead of this plaintiff, but denies that said application had any reference to the money which this plaintiff claims. And this plaintiff denies each and every allegation contained in said answer not herein specifically admitted."

The result of a trial of the issues was a verdict and judgment in favor of defendant in error.

We will first give our attention to the claim of defendant in error that there was no sufficiently specific assignment of error in the motion for new trial, in regard to instructions given and also those tendered by defendant in error and refused, to present the alleged errors for review. The assignments were as follows:

"The court erred in giving paragraphs 3, 5, 7, 8, 9, 10, 11, 12, and 13 of the instructions, and in giving each of them, given by the court on its own motion.

"The court erred in refusing to give instructions 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 asked by the defendant, and in refusing to give each of them."

A similar objection to an assignment in reference to instructions given was considered by this court in the case of *Aultman v. Martin*, 49 Neb., 103, and it was held: "An assignment of error in a motion for a new trial that the court erred in giving instructions 2, 3, 5, 6, 7, and 8, and each of them, asked for by plaintiff is sufficiently specific to call for a review by the supreme court of each of the instructions specified. It is not an assignment to the giving of the instructions *en masse*, but to each one separately." The rule then announced is applicable to the assignments in this case which we have quoted, and establishes their sufficiency in the particular questioned here.

It is urged on behalf of plaintiff in error that the court erred in giving instruction numbered 10 of those given on its own motion, and in refusing to give that numbered 1 prepared and requested for plaintiff in error, and further stated that the errors are of such a nature that it is proper to consider them together. Paragraph 10 of the portion of the charge of the court to the jury on its own motion was as follows: "You are instructed that the defendant, having admitted in his answer that the contracts for the purchase of said land were in the name of the plaintiff, the burden of proof is upon the defendant to establish that the plaintiff is not the owner thereof, but only holding said lands as the trustee of the said F. V. Kratky." And instruction numbered 1 of those requested for plaintiff in error and refused to be given was in the following language: "You are instructed that transactions between husband and wife where the rights of creditors are involved are looked upon with suspicion, and where a wife claims property which is sought to be subjected to the payment of the husband's debts, it is incumbent upon her to satisfy the jury by a preponderance of the evidence that such transaction was fair and free from any fraud-

ulent intent or purpose to put such property beyond the reach of her husband's creditors." One of the most important of the issues presented was one as to the ownership of the lands purchased from the state, and whether the title thereto was placed in the wife's name with a fraudulent intent and purpose as to creditors of the husband, and while the contest was one nominally between the plaintiff in error as administrator or trustee for the creditors of Florian V. Kratky and defendant in error, it involved the rights of the creditors to the money to obtain which the suit was brought, as opposed to the alleged rights thereto of defendant in error, the outcome being, to a large extent, dependent upon the determination of the character of the transaction of the purchase of the lands from the state, for or by whom made, and to whom did they really belong, and if to the husband were they of apparent title in the wife's name with a fraudulent intent and purpose of the parties relative to the rights of creditors of the husband. While it is the general rule that fraud will not ordinarily be presumed, but must be proved by the party alleging it, this rule has no application in a contest between a wife and creditors of her husband in regard to transactions involving the transfer of property from the husband to the wife. In such a contest there is a presumption against her which she must overcome by affirmative proof. She must establish by a preponderance of the evidence the *bona fide* character of the transaction. (*Carson v. Stevens*, 40 Neb., 112.) Viewed in the light of this rule there was a misstatement of the law applicable to the issues before the jury in the instruction numbered 10, which we have quoted, and a failure to give a correct statement of it as requested by counsel for the plaintiff in error. The court clearly erred both in the statement made and the refusal to give the one requested.

It is also urged that the court erred in giving a portion of its charge to the jury, contained in paragraph numbered 11 thereof, which was as follows: "You are instructed that fraud is never to be presumed, but must be

proven by competent testimony, and in this case, unless you find from the evidence that there was fraud committed by the deceased, F. V. Kratky, in having the title put in the name of his wife, then the plaintiff would be the owner of the land, and entitled to claim the proceeds of the sale thereof at any time before paid over to the creditors of said Kratky." What we have said in regard to instruction numbered 10, given by the court on its own motion, is equally pertinent here and it follows that this instruction was erroneous and should not have been read.

There was prepared and tendered on behalf of plaintiff in error an instruction, numbered 9, in the following language: "You are instructed that the burden of proof is upon the plaintiff, and she must satisfy you by a preponderance of the evidence of all the material allegations of her petition, and if you find that the evidence is evenly balanced, or that it preponderates in favor of the defendant, then your verdict should be for defendant." This instruction was refused. There was no equivalent in the instructions given, and its refusal was an error. It certainly devolved upon the defendant in error to establish the material allegations of her petition by a preponderance of the evidence.

In view of the issues presented for trial and which an examination of the instructions establishes were submitted to the jury for consideration and determination, the errors which we have outlined were of a prejudicial character relatively to the rights of plaintiff in error, and call for a reversal of the judgment.

An objection was interposed for defendant in error to the consideration of the document attached to the record as the bill of exceptions on the ground that it purports to be settled and was signed by the clerk of the district court instead of the trial judge, and the record fails to disclose that the statutory reasons existed and had been made to appear in the manner prescribed by law, or that the required stipulations had been entered into by the parties, which our statute requires, to confer authority

on the clerk of the district court to settle and sign a bill of exceptions. (See Code of Civil Procedure, sec. 311.)

Having reached the conclusion as to errors in the charge of the court to the jury, which will effectually dispose of the case for the present, it is unnecessary to examine or discuss the question of whether the bill of exceptions was or was not settled as required by law, as its consideration need not and does not enter into the decision of the cause.

There were many other assignments of error, but their examination would require an inspection of the evidence, and as we have concluded not to go into the bill of exceptions, they will not be considered. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.