## MAGEE v. LITCHFIELD *et al.*

No. 5008.   Opinion Filed July 27, 1915.

(151 Pac. 575.)

1. **APPEAL AND ERROR—Record on Appeal—Evidence.** Before this court will consider the record and review the evidence, based upon the ground that the findings of the court and judgment thereon are contrary to the evidence, or are not sustained by sufficient evidence, it must affirmatively appear in the case-made itself that it contains all the evidence; and a mere statement or recital to that effect in the certificate of the trial judge is not sufficient.

2. **SAME.** A statement in the certificate of the trial judge, when settling the case, that it contains all the evidence introduced at the trial, is not sufficient to show that the record does contain all of the evidence.

3. **SAME—Disposition of Cause.** If, upon an examination of the entire record, including the evidence contained in the case-made, it appears that substantial justice has been done, this court may in its discretion affirm the case, notwithstanding the fact that there is no statement in the case-made itself to the effect that it contains all the evidence, especially so when an affirmance of the case has the same effect as a dismissal of the appeal.

(Syllabus by Robberts, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Consol'dated actions by R. S. Litchfield and others against Lola Magee. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Rowland & Talbott,* for plaintiff in error.

*J. J. Shea, Burdette Blue,* and *Martin, Bush & Murry,* for defendants in error:

Opinion by ROBBERTS, C. This case involves garnishment proceeding only, and thereby the ownership of certain funds. The facts are in substance as follows:

On the 7th day of February, 1912, the Frick-Reid Supply Company, one of the defendants in error herein, obtained a personal judgment in the district court of Washington county against S. G. Magee for the sum of $1,321.50, and thereafter execution was duly issued on said judgment and returned "No goods found." On the 19th day of August, 1912, R. S. Litchfield, also a defendant in error herein, commenced an action in the same court against said Magee to recover the sum of $1,250, which said last-mentioned case, at the time of bringing this appeal, was still pending in the district court for trial.

At the time of filing this suit Litchfield also filed an affidavit in garnishment, and caused a garnishment summons to issue against the Exchange National Bank of Tulsa, and on the 16th day of August the Frick-Reid Supply Company filed an affidavit and caused garnishment summons to be issued and served on the same garnishee. The garnishee answered, stating that it had in its possession the sum of $2,000, which under an escrow agreement, set out in its answer, was to be paid to Lola Magee, plaintiff in error herein, who was the wife of the said S. G. Magee.

On the 7th day of September, 1912, Lola Magee was made a party defendant in both of said cases, and in due time filed her answers, claiming to be the owner of said funds. The cases, so far as they related to the garnishee proceedings, were consolidated, and by agreement tried to a jury, which upon trial returned a verdict in favor of the plaintiffs and against the plaintiff in error herein. A motion for new trial was filed and overruled.

On the 18th day of October, 1912, the court ordered the garnishee to pay the funds to the clerk of the court,

to be distributed as per the order of the court to said plaintiffs, subject, of course, to the final determination of the case of *Litchfield v. Magee*. Exceptions were duly saved, and interpleader brings error.

To obtain a reversal the plaintiff in error makes assignments of error as follows:

"(1)  That there were irregularities in the proceedings of the court and jury which prevented these parties from having a fair trial.

"(2)  That the verdict is not supported by sufficient evidence and is contrary to law.

"(3)  That there was error of law occurring. at the trial and duly excepted to by the plaintiff in error at the time, which resulted in a verdict against the plaintiff in error, and but for which the verdict would have been rendered for the plaintiff in error.

"(4)  That the court admitted incompetent, irrelevant, and immaterial evidence over the objections and exceptions of the plaintiff in error, but for the admission of which incompetent, irrelevant, and immaterial evidence the verdict would have been for this plaintiff in error.

"(5)  That the court excluded competent evidence offered by the plaintiff in error, to the exclusion of which plaintiff in error duly excepted, which, if it had been admitted, would have resulted in a verdict for the plaintiff in error.

"(6)  That the court erred in overruling plaintiff in error's motion for a new trial.

"(7)  That the court erred in rendering judgment in favor of the defendants in error and against the plaintiff in error."

It will be seen that these several assignments include practically one proposition—in fact, it appears from plaintiff in error's brief that the only proposition contended for is that found in the second assignment, viz.:

"The verdict is not supported by sufficient evidence and is contrary to law."

Before proceeding with the merits of the case, our attention is called to the fact that it does not affirmatively appear in the case-made proper that it contains all the evidence introduced on the trial, and necessarily it would be impossible for this court to say that the verdict of the jury or judgment of the court was not supported by sufficient evidence, without a proper legal showing that all the evidence is before the court.

"Before this court will consider the record and review the evidence, based upon the ground that the findings of the court and judgment thereon are contrary to the evidence, or are not sustained by sufficient evidence, it must affirmatively appear in the case-made itself that it contains all the evidence; and a mere statement or recital to that effect in the certificate of the trial judge is not sufficient." (*County Commissioners v. Hubble,* 8 Okla. 169, 56 Pac. 1058; *County Commissioners v. Wright,* 8 Okla. 190, 57. Pac. 203.)

The only statement in the entire record pretending to show that the case-made contains all the evidence is in the certificate of the trial judge settling the case-made, and that is not sufficient.

"A statement in the certificate of the trial judge, when settling the case, that it contains all the evidence introduced at the trial, is not sufficient to show that the record does contain all of the evidence." (*Exendine v. Goldstine,* 14 Okla. 100, 77 Pac. 45; *Devine v. Silvers,* 8 Okla. 700, 58 Pac. 781; *School District v. Trotter,* 10 Okla. 625, 64 Pac. 9.)

Under the uniform rule of this court, the appeal would be dismissed; but, before our attention was called to the condition of the case-made, we had carefully ex-

amined the evidence brought up, and from that we are of the opinion that the verdict of the jury and the order and judgment of the court were clearly and fully sustained by the evidence. The case was properly and fairly submitted to the jury, and no prejudicial error committed by the court. This case involving dealings and property transactions between husband and wife, at times when the husband was apparently insolvent and heavily involved in debts, and a controversy between the wife and creditors of the husband, the burden was upon her to establish the good faith of the transactions.

"While the general rule is that fraud will not ordinarily be presumed, but must be established by the party alleging it, this rule is not applied to a large majority of the cases between a wife and creditors of her husband with respect to property transferred from the husband to the wife, though it is claimed to be in payment of indebtedness due her. In such case it is usually held that there is a presumption against her, which she must overcome by affirmative proof, and that she must show the *bona fide* character of the transaction." *(Kirchman v. Kratky,* 51 Neb. 191, 70 N. W. 916; *Carson v. Stevens,* 40 Neb. 112, 58 N. W. 845, 42 Am. St. Rep. 661; *Id.,* 30 Neb. 550, 46 N. W. 655, 9 L. R. A. 523; *Steele v. Coon,* 27 Neb. 586, 43 N. W. 411, 20 Am. St. Rep. 705; *Hill v. Fouse,* 32 Neb. 637, 49 N. W. 760.)

The evidence was passed upon by the jury, and the verdict approved by the trial court. The case should be affirmed.

By the Court: It is so ordered.