J. W. Devine *et al.* v. Mary J. Silvers.

(Filed Aug. 24, 1899.)

Appeal—*Review—Case-Made*. Where the case-made does not show that it contains all the evidence, it cannot be considered, though the certificate of the trial judge contains a statement to that effect.

(Syllabus by the Court.)

*Error from the District Court of Lincoln County; before Jno. H. Burford, District Judge.*

*Herod & Widmer* and *J. C. Strang*, for plaintiffs in error.

*H. R. Thurston*, for defendant in error.

Action by Mary J. Silvers against J. W. Devine and Emil Barwig. Judgment for plaintiff. Defendants bring error. Affirmed.

Per Curiam: The assignment of errors include the overruling of the motion for a new trial, rendering judgment for the defendant in error, giving erroneous instructions, excluding legal, competent, material, and relevant testimony, and admitting illegal, incompetent, and immaterial evidence. A discussion of these assignments of error would require an examination of the evidence, but there is no case-made brought here in such a form as to show that it contains all the evidence which was heard upon the trial. The statement connected with the evidence simply shows that, " Case-Closed." The statement of the stenographer is that "the-

above and foregoing is a true and correct transcript of my shorthand notes taken during the course of the trial." The certificate of the trial judge states that the case-made contains all the evidence, but such a statement is insufficient. The statement should be inserted in the case itself, and not in the certificate of the judge who settles the case. (*Wade v. Gould*, this volume, p. 690, *Bell v. Bell* [Kan. Sup.] 56 Pac. 472.)

We have examined the instructions of the court which have been objected to, and find no ruling which could have been prejudicial to the rights of the plaintiffs in error. The judgment of the court below is affirmed.

Burford, C. J., having presided in the court below, not sitting.