SCHOOL DISTRICT No. 51, *of Kingfisher County, Territory of Oklahoma,* v. SUSIE TROTTER.

(Filed Feb. 8, 1901.)

1. CASE-MADE—*Must Contain, What.* Where the questions presented to this court for review, by the plaintiff in error depend upon the consideration of the evidence introduced upon the trial in the court below, the case-made must contain all the evidence, and this must affirmatively appear in the case-made itself. A mere statement in the certificate of the trial judge that it contains all the evidence, is insufficient.

2. CASE-MADE—*Deficient—Effect of.* And, hence, where the case-made fails to contain the contract, or a copy thereof, upon which the action was founded, this court cannot say that the decision of the district court is not sustained by the evidence, or that it is contrary to law.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, District Judge.*

*W. A. McCartney,* for plaintiff in error.

*J. C. Robberts* and *Geo. L. Bowman,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought in the district court of Kingfisher county, by Susie Trotter, defendant in error, plaintiff in the court below, against school district No. 51 of Kingfisher county, Oklahoma, plaintiff in error, to recover the sum of $240.00 upon a certain written contract, alleged to have been entered into between

the plaintiff and the defendant on July 5, 1898, which amount the plaintiff claims was due her in pursuance to said contract from said school district. To this petition of the plaintiff, the defendant filed an answer denying the execution of the contract sued upon in this action. Upon the issues thus joined the cause was tried by the court without a jury. The court, after hearing all the evidence offered on behalf of the plaintiff and the defendant found the issues in favor of the plaintiff and against the defendant, and rendered judgment in favor of the plaintiff in the sum of one hundred and sixty dollars, and costs of the action. A motion for a new trial was filed by the defendant which was overruled by the court, and exception taken by the defendant. From this judgment the defendant appeals.

It appears from the record, as well as the argument of counsel, that the only question involved in this action is whether or not a contract was entered into between the parties to this action, and if such contract was entered into, whether or not it was valid and binding upon the plaintiff in error. The defendant in error insists that these objections cannot be considered by this court at this time, for the reason that the case-made does not contain all the evidence introduced upon the trial of said cause. We think that this objection is well taken. The basis of this action was the contract, which the plaintiff alleges was entered into between herself and the school district, the plaintiff in error. It appears from the case-made that this contract was introduced in evidence, but has been, through inadvertance or otherwise, left out of the record. This court has repeatedly held that where the questions presented to this court for review by the

plaintiff in error depend upon the consideration of the evidence introduced upon the trial in the court below, the case-made must contain all the evidence, and this must affirmatively appear in the case-made itself. A mere statement in the certificate of the district judge that it contains all the evidence is not sufficient. (*Board of County Commissioners v. Wright*, 8 Okla. 190; *Custer County v. De Lana*, 8 Okla. 213; *Devine et al. v. Silvers*, 8 Okla. 700; *Pierce v. Engelkemeier*, 61 Pac. 1047.)

Since the record fails to contain the contract upon which this action was founded, or a copy thereof, this court cannot say that the decision of the court below was not sustained by the evidence, nor that the same is contrary to law.

The judgment of the district court is, therefore, affirmed at the cost of the plaintiff in error.

Irwin, J., having presided in the court below, not sitting; all of the other Justices concurring.