## JASPER EXENDINE v. A. H. GOLDSTINE.

(Filed March 4, 1904.)

1. RECORD—Presents no Error Arising Upon the Evidence, When. Where the record in this court in a case upon appeal does not show that it contains all the evidence presented at the hearing below, it presents no error that can be reviewed by this court arising upon a question of evidence.

2. CERTIFICATE OF TRIAL JUDGE—Imports, What. The certificate of the trial judge in settling a case made imports the truthfulness of the statements contained in the case, and nothing more.

3. RECORD—Contents, How Ascertained. What is contained in the case made must be ascertained from the statements therein, and not from the certificate of the trial judge appended thereto.

4. CERTIFICATE—Will Not Supply Omissions in Record, When. A statement in the certificate of the trial judge when settling the case, that it contains all the evidence introduced at the trial, is not sufficient to show that the record does contain all of the evidence.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Jno. H. Burford, Trial Judge.*

*E. M. Clark* and *C. H. Stewart,* for plaintiff in error.

*F. C. Hunt,* for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action brought in the district court of Payne county by A. H. Goldstine against C. O. Taylor, et al, upon an open account, to recover the sum of $458.08, with interest. Service was had upon the defendant Taylor by publication. An attachment was issued and levied upon the southwest quarter of section thirty-two, in township nineteen north, range three east of the Indian Meridian, as the property of the defendant Taylor. Other persons were made defendants, whose names do not appear in the record in this court.

The plaintiff in error, Jasper Exendine, made application to the court below to interplead in the case, claiming to hold a mortgage upon the attached real estate described. He was allowed to interplead, and did so, setting up his note and mortgage, claiming the same to be a prior lien to the attachment of the plaintiff in the action.

There was no attempt to have the mortgage foreclosed; and the only object of the interplea seems to have been to have the attachment lien adjudged to be subject and junior to the mortgage lien of the interpleader.

The plaintiff answered the interplea, and a trial was had before the court, which seems to have been principally upon the theory on the part of the plaintiff, that the transfer of the real estate from Andrew and wife to Taylor was in fact

made in payment of the indebtedness secured by the mortgage, and that the note and mortgage by means of this transfer had been cancelled; while on the part of the interpleader, it was claimed that he had purchased the note and mortgage from Taylor, and that he was the sole owner and holder thereof.

Just why the plaintiff in error should have deemed it necessary to interplead in such an action does not clearly appear, inasmuch as a judgment in the attachment case, he not being a party, would not in any way have affected his mortgage lien. However, the case was tried, and the court found the issues joined in favor of the plaintiff and against the interpleader; and, as a conclusion of law, found that the attachment was a prior lien to the mortgage lien of the interpleader.

A motion for a new trial was made and overruled, and the case appealed to this court.

The only error complained of is that the judgment of the trial court is not sustained by the evidence. The argument of plaintiff in error is based entirely upon this one assignment of error. It is contended by defendant in error that this proposition cannot be determined by this court for the reason that the case made does not affirmatively show that it contains all of the evidence introduced on the trial of the case.

From an examination of the case made, it does not appear that it contains all of the evidence introduced at the trial of the cause. For this reason, the error complained of cannot be determined in this case from the record before us. The practice is so well and thoroughly settled that a

case made which does not show affirmatively that it contains all of the evidence adduced at the trial presents no error to this court arising upon a question of evidence, that it is unnecessary to cite authorities to sustain the proposition.

In the brief of plaintiff in error submitted in opposition to the motion to dismiss, it is argued that the certificate of the trial judge in settling the case states that the record contains all of the evidence, and that this statement in the certificate is sufficient to show that the record does contain all of the evidence.

A statement in the certificate of the trial judge when settling a case that it contains all of the evidence, is not sufficient. The fact must affirmatively appear in the case made itself. The certificate of the judge imports the truthfulness of the statements contained in the case, and nothing more. What the case made contains must be ascertained from the statements therein. All presumptions are in favor of the correctness of the findings and judgment of the trial court. (*School District v. Trotter,* 10 Okla. 625; *Board of Commissioners v. Hovel,* 8 Okla. 169; *Devine v. Silvers,* 8 Okla. 700.)

There being no error presented by the record which can be reviewed by this court, the judgment of the court below is affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.