THE HANOVER STATE BANK, *a corporation* v. HERMAN D.
HENKE AND MARY D. HENKE.

(Filed September 6, 1905.)

1. RECORD—Presents no Error Arising Upon Evidence, When.
Where a record in this court in a case on appeal does not show
that it contains all the evidence presented at the hearing below, it
presents no error that can be reviewed by this court, arising upon
a question of evidence.

2. CERTIFICATE OF CLERK—Will not Supply Omission. A state-
ment in a certificate of the clerk of the court in which the case was
tried, that the record contains all the evidence presented at the
trial, is not sufficient to show that the record does contain all of the
evidence.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before
. James K. Beauchamp, Trial Judge.*

*Houston & Buckner,* for plaintiff in error.

*Anderson & Stratford,* for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action upon a promissory
note, brought originally before a justice of the peace and ap-
pealed to the district court. Trial was by jury, resulting in
each instance in a verdict for defendants, and from an order
overruling a motion for new trial, plaintiff in error has ap-
pealed.

The only assignments of error to which our attention is
directed are such that a consideration thereof necessarily in-

volves an examination of the evidence taken on the trial below.

The rule is so well established in this Territory as to need no citation of authorities, that where the record in this court in a case on appeal does not show that it contains all the evidence presented at the hearing below, it presents no error that can be reviewed by this court, arising upon a question of evidence. (*Exendine v. Goldstine*, 14 Okla. 100.)

There must be a recitation in the case made to the effect that all of the evidence taken upon the trial is included therein, and unless such a statement is included in the case made, this court will not consider any assignment of error which necessitates a review or consideration of such evidence. (*Frame v. Ryel*, 14 Okla. 536.)

This is the defect we find in the record under consideration. It is true there is a recital in a certificate by the clerk of the court in which the action was tried, to the effect that the case made contains all the evidence introduced upon the trial. Our statute, however, does not authorize a clerk of the court to make such a certificate to a case made, nor will such a certificate, when made, supply omissions in the record itself. The record in this case containing no such statement, and the assignments of error being such that a consideration thereof necessitates a consideration of the evidence, the judgment will be affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.