## JOHN F. McCLELLAN v. OTIS A. MINOR.

(Filed September 4, 1907.)

(91 Pac. 863.)

1.  **WRIT OF ERROR—Review of Evidence—Necessary Recital.** Where the case-made does not contain an averment by way of recital to the effect that it contains all the evidence introduced on the trial of the cause, this court will not review any question which requires an examination of the evidence in order to arrive at its correct determination.

2.  **SAME—Case-Made—Verification.** The certificate of the judge to a case-made verifies and makes conclusive, as to their truthfulness, all recitals and averments made in the case, but this rule does not apply to certificates of counsel or to other matters incorporated into the case.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

Affirmed.

*D. S. Rose,* for plaintiff in error.

*Hackney & Lafferty,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This was an action by Minor against McClellan to enforce specific performance of a contract to convey real estate. Issues were made and the cause tried to the court. Upon the evidence introduced the court found the issues in favor of the plaintiff and decreed specific performance of the contract.

The defendant below brings the cause here on petition in error and prays a reversal of the judgment.

None of the questions presented and argued by counsel for plaintiff in error can be determined without a review of the evidence introduced on the trial of the cause. The case-made attached to the petition in error contains what purports to be the evidence; but this court has established the rule that unless the case-made contains the recital or its equivalent, that the case contains all the evidence introduced on the trial of the cause, this court will decline to consider any question dependent upon an examination of the evidence for its determination. *Frame v. Ryel*, 14 Okla. 536, 79 Pac. 97; *Board of Washita County v. Hubble*, 8 Okla. 169, 56 Pac. 1058; *Sawyer Lumber Co. v. Champlin Lumber Co.*, 16 Okla. 90, 84 Pac. 1093; *B. K. & S. W. Ry. Co. v. Grimes*, 38 Kan. 241, 16 Pac. 472; *Ryan v. Madden*, 46 Kan. 376, 26 Pac. 680; *Pelton v. Bauer* (Colo.) 35 Pac. 918; *Eddy v. Weaver*, 37 Kan. 540, 15 Pac. 492; *Hill v. Bank*, 42 Kan. 364, 22 Pac. 324.

The case in question contains a statement signed by counsel, as follows: "The foregoing contains a true and correct statement of all the pleadings, motions, orders, evidence, findings, judgments, decrees, and proceedings upon which judgment was rendered." This is not equivalent to a statement that the case contains all the evidence introduced on the trial of the cause. Nor is a statement or certificate of counsel of any greater weight or significance than any other document copied into the case. The court verifies and makes conclusive every recital contained in the case, but this rule does not apply to certificates of counsel or of other officers which may be incoporated into the case. This court said in *Sawyer Lumber Co. v. Champlin Lumber Co.*, 16 Okla. 90, 84 Pac. 1093: "There is a certificate of counsel that the case contains all the evidence; also a certificate of the stenographer that his transcript contains all the evidence, but neither of these certificates are authorized or recognized. The case itself must contain the positive averment by way or recital or other equivalent showing that it does

contain all the evidence submitted or introduced on the trial of the cause, and in the absence of such recital this court will not review any question depending upon the facts for its determination." This rule is conclusive of the case at bar. Notwithstanding this rule, we may say that we have examined the whole record, and, upon the assumption that the case does contain all the evidence, we are of the opinion that the cause was rightly decided upon the law and facts, and that the plaintiff in error is in no position to complain.

The judgment of the district court of Kay county is affirmed, at the costs of plaintiff in error.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.