PETER ANDERST v. ATCHISON, TOPEKA & SANTA FE RAILWAY
COMPANY.

(Filed September 5, 1907.)

(91 Pac. 894.)

APPEAL.—Review—Insufficient Record. When on the trial of a case in the district court the defendant interposes a demurrer to plaintiff's evidence, which is sustained by the court and the cause dismissed, such ruling will not be reviewed by this court on appeal, unless the case-made contains all of the evidence introduced upon such trial; and where the case-made contains a.

statement that all of the evidence introduced upon the trial is contained therein, but the record upon its face shows that it does not and that a material plat or chart was omitted therefrom, the record is the best evidence, and will prevail over such statement.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before J. L. Pancoast, Trial Judge.*

Affirmed.

*W. S. Roark, A. C. Towne* and *T. J. Womack;* for plaintiff in error.

*Henry E. Asp, Charles H. Woods, George M. Green,* and *Jesse J. Dunn,* for defendant in error.

Opinion of the court by

BURWELL, J.: This action was brought by the appellant for the death of his infant child, alleged to have been caused by the negligence of the defendant company. When the plaintiff rested his case, the defendant company interposed a demurrer to the evidence, which was sustained, and the cause dismissed at the cost of the plaintiff.

On the trial of the case, a certain plat or chart showing the location of the plaintiff's house from which the infant strayed, the fences, railway track, crossing, and the location of different important objects, and the conditions generally in the immediate place and vicinity of the accident, was admitted in evidence. This chart was used in examining the different witnesses, and, instead of detailing conditions, references were made to the objects on the chart, which were designated by letters, etc. This chart is omitted from the case-made, and, although the supreme court gave leave to amend the case-made, this ommission of evidence was not supplied. The parties and the trial court were of the opinion that it was necessary to exhibit this chart or plat to the jury and have the witness testify in relation thereto, and this court should have the benefit of the same in reviewing the evidence. This ommission

is fatal to a consideration of the evidence. This identical question was decided in the case of *Pappe v. American Insurance Co.*, 8 Okla. 97, 56 Pac. 860. The court said:

"When the case-made contains a statement that all of the evidence introduced upon the trial is contained therein, but the record itself shows upon its face that it does not, and that material written instruments were omitted therefrom, the record is the best evidence and will prevail over such statement."

The same rule applies to photographs, plats, maps, or instruments of any kind, and where such exhibits are omitted from the evidence, it will not be considered. *Board v. Wagner* (Ind. Supp.) 38 N. E. 171; *Marvin v. Seger* (Ind. Supp.) 44 N. E. 310; *Saxon v. State* (Ind. Sup.) 18 N. E. 268; *Cowger v. Land* (Ind. Sup.) 12 N. E. 96; *Harris v. Tomlinson* (Ind. Sup.) 30 N. E. 214; *Stout v. Turner* (Ind. Sup.) 26 N. E. 85.

The ruling on the demurrer to the evidence cannot be reviewed because the case-made does not contain all of the evidence introduced upon the trial, and on which the ruling was based.

The judgment of the lower court is affirmed, at the cost of appellant.

Pancoast, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.