## ARNOLD v. MOSS.

No. 715.    Opinion Filed November 16, 1910.

1.  **PARTNERSHIP—Dissolution—Action Upon Accounts—Parties.** Under the law in force in the Indian Territory before the admission of the state, one member of a partnership to whom, upon dissolution of the firm, was assigned the accounts of the partnership, could not maintain an action on any of said accounts without making the other members of the firm parties to the action.

2.  **APPEAL AND ERROR—Review of Evidence—Requisites of Case-Made.** Assignments of error requiring an investigation and consideration of the evidence will not be reviewed by this court, unless the case-made contains all the evidence introduced upon the trial; and, although the case-made contains a statement that it contains all the evidence, if the record upon its face shows that it does not, and that material books and accounts have been omitted therefrom, the record is the best evidence and will prevail over such statement.

(Syllabus by the Court.)

*Error from District Court, Carter County; S. H. Russell, Judge.*

Action by M. F. Moss against J. M. Arnold. Judgment for plaintiff, and defendant brings error. Reversed.

*Guy H. Sigler,* for plaintiff in error.

HAYES, J.   This action was originally brought by defendant in error in the United States Court for the Southern District of the Indian Territory, at Ardmore, where it was pending, when the state was admitted, upon a demurrer to the petition of defendant in error, plaintiff in that court, and hereafter referred to as plaintiff.   Plaintiff alleges in his petition, in substance, that during the cotton seasons of 1905 and 1906 he and A. L. Culwell, under the firm name of A. L. Culwell & Company, operated a gin at Springer in this state; and that plaintiff in error, defendant below, was engaged in the mercantile business at said place; that during said season A. L. Culwell & Company sold to defendant 307 bales of cotton, as shown by list and account attached to plaintiffs' petition and made a part thereof as an exhibit aggregating in value the sum of $16,010.09; that defendant collected for the company, in addition thereto, $498.08, thereby becoming liable to the company in the sum of $16,508.17; that defendant has paid on said account the sum of $16,088.50, leaving a balance due thereon to plaintiff the sum of $419.67.   He alleges that the firm of A. L. Culwell & Company has been dissolved, and, in the settlement between the members of the firm, the account against defendant was assigned to and became the property of plaintiff. He further alleges that in April, 1906, defendant entered into an agreement to arbitrate the difference between them upon the account; and that, under said agreement, the same was submitted to one R. F. Scivally as arbitrator; that, pursuant to their agreement, Scivally made an investigation and found that defendant was indebted to plaintiff in the sum of $399.67, but that defendant has failed to comply with his agreement and failed and refused to pay the amount due under the award; and he thereupon prays for judgment.

Counsel for both parties and the trial court treated this action as one both upon the account and upon an alleged award.   Plaintiff introduced as his first witness the said Scivally, alleged by

plaintiff in his petition to have been selected to arbitrate the differences between him and defendant, and endeavored to prove by him the arbitration and award in pursuance with the agreement; but the witness testified that no award was ever made. Thereafter the action was treated as one upon the account. The question of defect of parties was properly made by defendant. The trial court, however, held that there was no defect of parties. In this, we think, error was committed. The account sued upon was not between plaintiff and defendant, but between the firm of which plaintiff constituted only one of the members; and his right to recover judgment upon the account is based upon an alleged assignment thereof by the firm to him upon the dissolution of the partnership. But, at common law, an open account is not assignable so as to vest the legal interest in the assignee and enable him to sue upon it in his own name. *Anderson v. Lewis & Co.,* 10 Aιk. 304. It is true that section 4933 of Mansf. Dig. of the Statutes of Ark., in force in the Indian Territory, provides that every action must be prosecuted in the name of the real parties in interest; but the next section provides that where the assignment of a thing in action is not authorized by statute, the assignor must be made a party as plaintiff or defendant. There was no provision of the statute in force in that jurisdiction authorizing the assignments of open accounts. Discussing these provisions of the statute, in *St. Louis, Iron Mountain & Southern Ry. Co. v. Camden Bank,* 47 Ark. 541, it is said:

"The appellees are, however, the assignees of whatever amounts are due upon these open accounts and are entitled to collect them by suit in their own name. But the accounts are not contracts or agreements in writing for the payment of money or property, and are not therefore assignable so as to permit the assignee to bring his action upon them without the appearance of the assignor in some form in the action so that the judgment will bind him and protect the party to be charged. It is difficult to give a reason for dispensing with the presence of the assignor when suit is brought upon a non-negotiable instrument assigned by delivery merely, that does not apply with equal force to a suit upon an

open account, but the statute makes a distinction and the courts are not at liberty to disregard its peremptory terms."

The foregoing decision of the Arkansas court was binding upon the courts of the Indian Territory before the admission of the state; and had the cause been tried before the admission of the state, it would have fixed the test for determining whether there was a defect of parties; and, by section 1 of the Schedule to the Constitution, the same rule is made to apply in the trial of the cause after the admission of the state.

It is also urged that the verdict is not supported by the evidence, but this assignment cannot be reviewed; for, although the case-made contains a recital by way of averment that it contains all the evidence introduced at the trial, it is apparent from the case-made that it does not contain all the evidence, and that such recital is untrue. Throughout the trial various books or parts of books and accounts were introduced in evidence. None of these have been embodied in the case-made. Where the record upon its face shows that it does not contain all the evidence, but that material books and accounts have been omitted therefrom, the record is the best evidence and will prevail over statements in the case-made and recitals in the certificate of the trial judge that it does contain all the evidence. *Anderst v. Atchison, Topeka & Santa Fe Ry. Co.*, 19 Okla. 206; *Ragains v. Geiser Mfg. Co.*, 10 Okla. 544.

There are other assignments in which complaint of the admission of certain evidence is made. Some of the assignments complain of the admission of some of these books and accounts which have not been made part of the case-made. A decision upon these assignments would require a consideration of the evidence to determine whether any prejudicial error was committed in the matters complained of; but this court will not review assignments requiring a consideration of the evidence, when the record does not contain all the evidence introduced at the trial. *Pierce v. Engle-*

*kemeier,* 10 Okla. 308; *Blackwell et al. v. Hatch,* 13 Okla. 169; *Garretson v. Witherspoon,* 15 Okla. 473.

For the error of the court in overruling the demurrer to plaintiff's petition upon the ground that there was a defect of partie:, the judgment of the trial court is reversed.

All the Justices concur.