# KEET & ROUNDTREE DRY GOODS CO. v. ROGERS.

No. 6670.    Opinion Filed March 7, 1916.

On Rehearing. March 21, 1916.

Second Petition for Rehearing Denied April 11, 1916.

(156 Pac. 179.)

1. **APPEAL AND ERROR—Record—Question Presented.** Unless a case-made contains a recital to the effect that all of the evidence taken upon the trial is included therein, this court will not consider any assignment of error which necessitates a review or consideration of such evidence.

2. **SAME.** A statement in the certificate of the trial judge, when settling the case, that it contains all the evidence introduced at the trial, is not sufficient to show that the record does contain all of the evidence.

3. **APPEAL AND ERROR—Parties—Defendants in Error.** All persons who were parties to the proceedings in the trial court, and whose interests will be affected by a reversal of a judgment on appeal, must be brought in and made parties in the appellate court, or the proceeding will be dismissed, or affirmed.

(Syllabus by Robberts, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Petition by Florence A. Barber against A. J. Rogers, the Keet & Roundtree Dry Goods Company, and another. From the judgment, the defendant company brings error. Appeal dismissed.

See, also, *Brown v. Barker*, 35 Okla. 498, 130 Pac. 155.

*Lewis C. Lawson,* for plaintiff in error.

*L. S. Fawcett,* for defendant in error.

Opinion by ROBBERTS, C. This case comes from the district court of Hughes county. It is the second time the case has been before this court. The facts are that on

the 5th day of February, 1903, Keet & Roundtree Dry Goods Company, plaintiff in error herein, recovered judgment against A. J. Rogers, defendant in error herein, in the United States Court of the Indian Territory at Wewoka, for the sum of $202.40, and that said judgment remains unpaid.

On May 1, 1905, Jesse H. Hill sold and conveyed to him, by warranty deed duly recorded February 12, 1906, lot 10, in block 15, in the Lewis addition of Holdenville, then Indian Territory. On February 8, 1906, said Rogers and wife sold and conveyed said lot by warranty deed, duly recorded February 12, 1906, to Frank P. Brown. On February 2, 1906, said Brown sold and conveyed said lot, with others, by warranty deed, duly recorded, to Florence A. Barker for $700 cash in hand paid, and took back a note secured by mortgage on the lots for $300, payable February 1, 1908. On February 15, 1909, Florence A. Barker filed her petition in the district court of Hughes county against Frank P. Brown, A. J. Rogers, and Keet & Roundtree Dry Goods Company, setting forth the facts stated, and that she was ready and willing to, and would, pay said note, but for the judgment aforesaid, which she alleged to be a cloud upon her title, and prayed that said Brown and Keets & Roundtree Dry Goods Company be compelled to settle its validity, and that the same be removed. After answer filed by Brown and Rogers, in effect denying the lien of said judgment, and by Keet & Roundtree Dry Goods Company, in effect that the same was valid and subsisting, and praying that the purchase money in the hands of plaintiff be applied in satisfaction thereof, there was trial to the court, and judgment in favor of Keet & Roundtree Dry Goods Company and

against said Rogers for the amount of said judgment and costs, which was ordered paid by plaintiff direct to said company in liquidation of its judgment and extinguishment of said lien, and Brown and Rogers appealed to this court. All parties in interest agreed that the first question to be decided was this:

"Was the judgment obtained by Keet & Roundtree Dry Goods Company against the defendant A. J. Rogers, on the 5th day of February, 1903, a lien on lot 10, block 15, Lewis addition, when the complaint herein was filed, to wit, February 15, 1909?"

The trial court held that it was; but this court was of the opinion that, as the title to the lot in controversy passed from Rogers to Brown immediately upon the execution and delivery of the deed of May 1, 1905, from Hill to Rogers, there was no moment of time in which the lien of Keet & Roundtree Dry Goods Company could attach, and for that reason the judgment of the trial court was reversed, the cause to be proceeded with pursuant to the views expressed. For further facts see *Brown et al. v. Barker et al.*, 35 Okla. 498, 130 Pac. 155.

After mandate to the lower court the case came on again for trial, on the 29th day of November, 1913, and at the conclusion thereof the court entered decree as follows:

"DISTRICT COURT, HUGHES COUNTY, OKLAHOMA.

"Florence A. Barker *et al.*, Plaintiffs, v. Frank P. Brown *et al.*, Defendants. Decree.

"And now at this time the above cause coming on to be heard by the court, W. L. McFall, appearing for the plaintiffs and L. C. Lawson appearing for the defendant the Keet & Roundtree Dry Goods Company, and L. S. Fawcett appearing for the defendants, Frank P. Brown and A. J. Rogers, evidence is introduced in support of the

defendant Frank P. Brown's counterclaim and cross-petition as against the plaintiffs herein.

"And the court after hearing the evidence and the arguments of all counsel in the cause and being duly advised in the premises finds for said defendant Brown on his said cause of action set out.

"It is therefore ordered, adjudged, and decreed by the court that said defendant Frank P. Brown do have and recover from the plaintiffs Francis A. and L. W. Barker on the promissory note in suit the sum of $495.31, and that the mortgage given by said plaintiffs to said defendant to secure said sum, or said note and interest, of date February 16, 1906, on lots 2 and 3, in block 38, in the town of Holdenville, and on lot 10, in block 15, in Lewis addition to Holdenville, Hughes county, Okla., be foreclosed, and said lots or so many thereof as may be necessary to be sold to satisfy said judgment with interest and costs, taken at $52.70, together with the accruing costs of sale, and for all which let execution issue as provided by law. The defendant A. J. Rogers is hereby dismissed, hence with his costs.

"The plaintiffs and the Keet & Roundtree Dry Goods Company except.  Execution stayed for six months."

In due time motions for new trial were filed by defendant Keet & Roundtree Dry Goods Company, and also plaintiff Florence Barker, both of which were overruled by the court on the 26th day of January, 1913, and exceptions saved.

Keet & Roundtree Dry Goods Company filed petition in error herein, naming A. J. Rogers the sole and only defendant in error, and in fact the only other party to the case on appeal.

The case-made was served on A. J. Rogers only. The only statement in the case-made showing that it contains

all the evidence in the case, except that found in the certificate of the trial judge of settling the case-made, is made by counsel for plaintiff in error.

Defendant in error files motion to dismiss the appeal on the last ground above stated. It must be apparent to all that Florence A. Barker, the owner of the property, and Frank P. Brown, her immediate grantor, are necessary parties to the appeal. More especially Barker. If the case should be reversed and sent back, the court might finally determine that the judgment against Rogers was a lien on her real estate.

"All persons who were parties to the proceeding in the trial court, and whose interests will be affected by the reversal of a judgment on appeal, must be brought in and made parties in the appellate court, or the proceeding will be dismissed." *(Weisbender v. School Dist.,* 24 Okla. 173, 103 Pac. 639; *John v. Paullin,* 24 Okla. 636, 104 Pac. 365; *Hughes v. Rhodes,* 25 Okla. 172, 105 Pac. 650; *Seibert v. First Nat. Bank,* 25 Okla. 778, 108 Pac. 628.)

On the proposition that there is no statement in the body of the case-made proper to the effect that it contains all the evidence, we will say that we find no such statement; that neither statement of counsel nor the certificate of the trial judge is sufficient.

"A statement in the certificate of the trial judge, when settling the case, that it contains all the evidence introduced at the trial is not sufficient to show that the record does contain all of the evidence." *(Exedine v. Goldstine,* 14 Okla. 100, 77 Pac. 45; *Devine v. Silvers,* 8 Okla. 700, 58 Pac. 781; *School Dist. v. Trotter,* 10 Okla. 625, 64 Pac. 9.)

"Unless a case-made contains a recital to the effect that all of the evidence taken upon a trial is included therein, this court will not consider any assignment of

error which necessitates a review or consideration of such evidence." *(Frame v. Ryel,* 14 Okla. 536, 79 Pac. 97.)

The case should be affirmed.

### ON REHEARING.

Section 5284, Rev. Laws 1910, is not intended to abrogate the rule requiring a statement in the body of the case-made itself, to the effect that it contains all the evidence. This section means that the certificate of the judge as to the contents of the case-made is only *prima facie,* and may by proper evidence be disputed or shown to be incorrect. Prior to the passage of this section the certificate of the judge settling a case-made could not be questioned or disputed even though incorrect. Counsel for plaintiff in error contends that such statement is not necessary, as there was no evidence introduced at the trial.

The journal entry states that:

"The court after hearing the evidence and argument of counsel finds for the defendant."

The motion for new trial states that:

"The judgment is contrary to the evidence, and it is not sustained by sufficient evidence."

The order heretofore made affirming the judgment was a clerical error, and should be set aside, and the appeal dismissed.

By the Court: It is so ordered.