## MOORE-DE GRAZIER & CO. v. HAAS *et al.*

No. 5970.  Opinion Filed June 6, 1916.

(158 Pac. 584.)

1. **APPEAL AND ERROR—Presentation for Review—Evidence—Case-Made.** The law announced in the second section of the syllabus in **Arnold v. Moss,** 27 Okla. 524, 112 Pac. 995, is here adopted.

2. **APPEAL AND ERROR—Assignments of Error—Review.** The law announced in the first section of the syllabus in **De Vitt et al. v. City of El Reno et al.,** 28 Okla. 315, 114 Pac. 253, is here adopted.

3. **APPEAL AND ERROR—Review—Presumption—Instruction—Evidence.** Record examined, and held sufficient to sustain the judgment of the trial court.

(Syllabus by the Court.)

*Error from County Court, Atoka County;*
*Baxter Taylor, Judge.*

Action by Moore-DeGrazier & Company against Gustave Haas and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*J. M. Humphreys,* for plaintiff in error.

*Linebaugh Bros. & Pinson,* for defendants in error.

TURNER, J. On September 20, 1910, Moore-De Grazier & Co., plaintiff in error, sued Gustave Haas, one of the defendants in error, in the county court of Atoka county, in replevin for an itemized bill of jewelry, consisting of some 130 articles varying in value from 35 cents to $13.50, aggregating $257.37. The bill was filed as an exhibit to its petition. The petition substantially states that on August 3, 1910, one Washinka obtained the goods from plaintiff by reason of the false and fraudulent statements made by him to them that he was the owner of a stock of goods and fixtures of the value of $8,000, and that his entire indebtedness did not exceed $1,000; that thereupon, believing the statements to be true, they yielded possession of the goods to him; that thereafter Washinka executed a deed of assignment purporting to convey the goods along with certain other of his property to Haas for the benefit of his creditors; that said assignment was void; and that Haas wrongfully detains the property. Plaintiff prays for a return of the goods, or for judgment for their value. On November 2, 1910, came Sam W. Butler and made known to the court that on September 23, 1910, Washinka had been adjudged a bankrupt, and that he, on October 11, 1910, was appointed, and had duly qualified, and was then acting trustee of the bankrupt's estate, and was authorized by the referee in bankruptcy to appear in the cause and defend on behalf of creditors, whereupon, on motion, he was made a party defendant. Thereafter he answered, and, after a general denial of every allegation in the petition, except such as he specifically admitted, he, in effect, alleged that prior to the time of the filing of the petition Washinka was in the jewelry business at Atoka

and owned and was in possession of the goods sought to be replevied, and had filed in the office of the register of deeds of that county an assignment for the benefit of his creditors, therein appointing Haas as trustee in the deed; that the property sued for was a part of the goods so assigned and belonged to the estate of the bankrupt; and that he was entitled to possession thereof. After issue joined by reply, in effect a general denial, Haas set forth in effect the same thing, by reason of all of which, he informed the court, he had no interest in the property, but that the same had passed to Butler as trustee in bankruptcy, and prayed that he be dismissed as a party defendant to the suit, and that the same be defended in the name of Butler as trustee aforesaid. After a motion for judgment by default against Haas had been overruled, there was trial to a jury and judgment for defendant Butler as trustee, whereupon the plaintiff brings the case here, making Haas and Butler, trustees, parties defendant in error.

Although in the case-made there appears a recital that it contains all the evidence, the case-made discloses that it does not, but that there is omitted therefrom the deed of assignment, read in evidence, from Washinka to Haas, and for that reason we cannot consider the second assignment of error, in effect, that the judgment is contrary to the evidence. In *Arnold v. Moss,* 27 Okla. 524, 112 Pac. 995, we said:

"It is also urged that the verdict is not supported by the evidence, but this assignment cannot be reviewed; for, although the case-made contains a recital by way of averment that it contains all the evidence introduced at the trial, it is apparent from the case-made that it does not contain all the evidence, and that such recital is untrue. Throughout the trial various books or parts of books and

accounts were introduced in evidence. None of these have been embodied in the case-made. Where the record upon its face shows that it does not contain all the evidence, but that material books and accounts have been omitted therefrom, the record is the best evidence and will prevail over statements in the case-made and recitals in the certificate of the trial judge that it does contain all the evidence. *Anderst v. Atchison, Topeka & Santa Fe Ry. Co.*, 19 Okla. 206 [91 Pac. 894]; *Ragains v. Geiser Mfg. Co.*, 10 Okla. 544 [63 Pac. 687]."

As assignments 5, 6, and 7 are that the court erred in excluding certain evidence, we cannot review them for the same reason.

In *Worrell et al. v. Fellows*, 39 Okla. 769, 136 Pac. 750, the court, after announcing the rule that "in the absence of such recital this court will not review any question depending upon the facts for its determination," said:

"Having disposed of the foregoing, it appears that the only things in the record that we are at liberty to examine are the pleadings, the instructions of the court, the verdict of the jury, the judgment, and the motion for new trial. Without the evidence in the record, the instructions cannot be examined, and the presumption necessarily follows that the instructions were fully authorized and warranted by the evidence introduced. An examination of the record proper shows that the court had jurisdiction of the parties and the subject-matter; that the issues were properly submitted to the jury, and the verdict returned was within the issues; that the judgment entered on the verdict was authorized by the pleadings and seems to be regular in every respect."

And such is all we can examine here. Accordingly, our next inquiry is: Was the form of the verdict, or the verdict itself, or the judgment, contrary to law, as con-

tended by plaintiff in its first, third, and fourth assign-
ments of error?   In other words, was the judgment con-
trary to law?   On this assignment the limit of inquiry is:
On the pleadings and verdict of the jury, was the proper
judgment entered?   *De Vitt et al. v. City of El Reno et
al.*, 28 Okla. 315, 114 Pac. 253; *Mooney et al. v. First St.
Bank of Washington*, 48 Okla. 676, 149 Pac. 1173.   We
have already recited the pleadings.   The verdict reads:

"We, the jury impaneled and sworn in the above-
entitled cause, do upon our oath find for the defendant,
Sam W. Butler, trustee of the estate of J. C. Washinka,
a bankrupt, for the possession of the goods sued for
herein or their value in the sum of $257.57.   J. G. Wilson,
Foreman."

Before the jury was discharged, the following col-
loquy took place between court and counsel:

"By Mr. Humphreys:   The plaintiff in this case de-
sires to object to the form of the verdict in this case, in
that it does not order a return of the specific articles sued
for, neither does it find the value of the articles, it having
been shown that the plaintiff in the case is in possession
of the goods at this time.

"By Mr. Pinson:   The forms of the verdict in this
case were identical, except for the words 'plaintiff' and
'defendant' in the different verdicts, and the form of the
verdict was approved by attorney for plaintiff before the
verdicts were returned.

"By the Court:   The objection is overruled.

"By Mr. Humphreys:   To which the plaintiff ex-
cepts."

Perhaps it would have been better practice for the
court to have directed the jury to reform their verdict
so as to conform to the objection of counsel; but, as coun-
sel did not deny that he approved the form of the verdict

before it was rendered, the court did not err in presuming that he had done so, and, in effect, overruling his motion to correct the same. For this reason we cannot say that, by so doing, the court deprived the plaintiff of any substantial right. Thereupon it was "ordered, considered, and adjudged by the court that the defendant, Sam W. Butler, as trustee of the estate of J. C. Washinka, a bankrupt, have and recover of and from the plaintiff, Moore-De Grazier & Company, the personal property described in the petition and affidavit for replevin in this action, or its value in the sum of $257.57, and all costs of this action."

Since the presumption obtains that the instructions were warranted by the evidence, and, we say, fairly stated the law upon the issues joined, and it is not claimed there was a variance between the judgment and the pleadings, or between the judgment and the verdict, the judgment is affirmed.

All the Justices concur.