## HARRISON v. HARMAN.

No. 15961—Opinion Filed Nov. 17, 1925.

### Appeal and Error—Review—Sufficiency of Evidence—Defective Record.

Where, on appeal, the sole and only matter presented for review is whether or not the judgment is supported by the evidence, and the evidence adduced in the trial court, on which the judgment was based, is not brought up in the case-made, nothing is presented for reversal, and the judgment of the trial court will be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Claim of exemption from execution made by John E. Harrison against George W. Harman, judgment creditor. From the order and judgment, the claimant appeals. Affirmed.

A. L. J. Meriwether, for plaintiff in error.

McCrory & Monk, for defendant in error.

Opinion by SHACKELFORD, C. This appeal involves the right of John E. Harrison to claim certain monies exempt from seizure under execution.

In a case in the superior court of Okmulgee county, in which George W. Harmon was plaintiff and John E. Harrison was defendant, a judgment for damages in the sum of $300 was awarded plaintiff, and became final. The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court in that action. In due course the plaintiff caused execution to be issued against the defendant's property, and under the execution the sheriff seized the sum of $81.50 in the hands of one J. F. Henthorn, who was debtor to the defendant in said sum. The defendant thereupon made a claim, as provided by law, that he was the head of a family dependent upon him for support, and that the said sum of money was his personal earnings for the 90 days next preceding the seizure, and that the money was necessary for the support of his dependent family, and claimed 75 per cent. of the said sum as exempt from seizure. It seems that due notice was given of the presentation of the exemption claim, but it was considered at an ex parte hearing and was sustained and the exemption allowed. The plaintiff appeared, moved to set aside the order and judgment allowing the exemption claim, and traversed the claim that the money was due for wages or earnings of defendant for personal services rendered, and alleged that the money so seized and levied upon was due the defendant as profits arising out of performance of a contract. A hearing was had upon the motion before the court, with the result that the court set aside and vacated the order and judgment sustaining the exemption claim, and entered judgment denying such claim, and directing the officer to pay all the money to the plaintiff as a credit upon his judgment against defendant. The defendant filed a motion for a new trial upon the issues joined, and, the same being overruled, has filed here petition in error with case-made attached for review. All the assignments of error are presented

under one proposition, which, as stated in defendant's brief, is:

"That the sum of money involved in this lawsuit was and is the earnings or wages of the plaintiff in error, Harrison, within three months next before the issuing of said execution."

It is not disputed that defendant is the head of a family and entitled to statutory exemptions as such. The defendant, upon the one hand, asserted in his exemption claim that the money involved "was and is the current wages or earnings for the personal services of this affiant, earned during the last 90 days." The plaintiff, upon the other hand, asserted "that the moneys so paid to the sheriff as aforesaid, are not the wages or earnings of the defendant for his personal services, but represent profits received by him under contract, and as such are not exempt from execution." It seems not to be disputed that if defendant's declaration is true, he is entitled to the exemption claimed by him; nor does it seem to be disputed that if such declaration is untrue and the plaintiff's traverse is true, defendant is not entitled to the exemption claimed by him. No question is raised as to the sufficiency of the declaration of the exemption, nor as to the sufficiency of the traverse of such declarations. The opposing contentions present a question of fact such as takes evidence to determine. It is not complained that the court arbitrarily determined the issue without any evidence. The complaint made in both the motion for a new trial and the petition in error is "that the judgment of the court is not sustained by sufficient evidence," etc. This seems to say that evidence was taken and heard by the court to determine the issue of fact, but the evidence taken before and heard by the court is not sufficient to support the judgment. The journal entry of judgment recites:

"The court, * * * being fully advised in the premises, finds," etc.

It is difficult to see how the court could be "fully advised in the premises" upon this disputed question of fact, without having heard evidence. The presumption arises that the court did require evidence to be submitted for his consideration. An examination of the case-made attached as Exhibit "A" to the petition in error discloses that the evidence taken was not incorporated into the case-made. It seems that the burden is cast upon the appealing party to show why the judgment should be reversed. When the only question presented is whether or not the judgment is supported by sufficient evidence, and the evidence upon which

the judgment rests is not brought up in the case-made, there is nothing presented for reversal. The presumptions are in favor of the regularity of judgments of a court of record; and where the whole matter presented a disputed question of fact to be determined upon evidence submitted to the court, the presumption is that the evidence taken before the court is sufficient to support the judgment. This presumption can be overcome, if at all, only by an examination and review of the evidence; and such examination and review cannot be made unless the evidence is brought up in the case-made. United States, etc., v. Choctaw, O. & G. R. Co., 3 Okla. 404, 41 Pac. 729; Pappe v. American Fire Ins. Co., 8 Okla. 97, 56 Pac. 860; Ragains v. Geiser Mfg. Co., 10 Okla. 544, 63 Pac. 687; Bradford v. Cline, 12 Okla. 339, 72 Pac. 369; Anderst v. Atchison, T. & S. F. Ry. Co., 19 Okla. 206, 91 Pac. 894; Arnold v. Moss, 27 Okla. 524, 112 Pac. 995; Waltham Piano Co. v. Wolcott, 38 Okla. 770, 135 Pac. 339; Moore-DeGrazier & Co. v. Haas, 53 Okla. 817, 158 Pac. 584; Midland Valley R. R. Co. v. Gibson, 94 Okla. 193, 221 Pac. 100.

There being nothing presented for reversal, the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 194, §1799; 2 R. C. L. p. 135; 1 R. C. L. Supp. p. 407; 4 R. C. L. Supp. 83; 5 R. C. L. Supp. p. 73.