## STATE ex rel. BALDWIN v. INGRAM et al.

No. 23382.   Opinion Filed June 6, 1933.

Rehearing Denied June 27, 1933.

A. M. Baldwin, for plaintiff in error.

Randall Pitman and Goode, Dierker & Goode, for defendants in error.

RILEY, C. J. Injunctive relief was sought by plaintiff below, a resident taxpayer, to prevent J. A. Ingram, mayor of Shawnee, J. C. Coleman, city clerk of Shawnee, or their successors in office from issuing, selling, or offering for sale water bonds of said city in the amount of $200,000, or any part thereof.

A demurrer to the evidence adduced by plaintiff was sustained, and judgment was accordingly rendered, based upon findings of fact requested by plaintiff below.

No evidence, except an ordinance, is contained in the case-made. Consequently it is impossible for this court to ascertain whether the trial court erred in sustaining the demurrer to the evidence introduced by plaintiff below. That is the principal question sought to be presented by this appeal.

"Where, on appeal, the sole and only matter presented for review is whether or not the judgment is supported by the evidence, and the evidence adduced in the trial court, on which the judgment was based, is not brought up in the case-made, nothing is presented for reversal, and the judgment of the trial court will be affirmed." Harrison v. Harman, 115 Okla. 40, 241 P. 476; McKane et al. v. Hogan, 55 Okla. 624, 155 P. 560; Ledgerwood v. Neal, 60 Okla. 133, 159 P. 292; Randol v. Harbour-Longmire Co., 127 Okla. 7, 259 P. 548.

The ground relied upon for relief by plaintiff was that J. A. Ingram, G. S. Baxter, and Keb H. Warren were interested as stockholders in the Shawnee Water Association; that they were also city officials, the former being mayor, the latter two being commissioners; that on the 6th day of October, 1931, these city officials voted in the city council to submit to the qualified taxpaying voters of the city of Shawnee the proposition of issuing $200,000 in bonds of said city, with which to purchase the water system then owned by the Shawnee Water Association; that said proposition was submitted to said voters on November 3, 1931, and carried, but that by reason of section 8589, C. O. S. 1921, and article 19, section 1, of the city charter of the city of Shawnee, the proposal and all subsequent acts leading to the issuance of these bonds are void.

Section 8589, supra, reads as follows:

"Contracts with officers void. No board of county commissioners, nor city council, nor board of trustees of any township, or town, nor district board of any school district in this state, shall make any contract with any of its members or in which any of its members shall be directly or indirectly interested, and all contracts made in violation of this section shall be wholly void."

Article 19, sec. 1, city charter, city of Shawnee, in part provides:

"* * * Nor shall any member of the board of commissioners, or any officer of said city be pecuniarily interested directly or indirectly in any contract, purchase or sale made by or with said city. * * *"

It is an old saying that a man cannot serve two masters—so that in event these city officials were in fact directly or indirectly interested pecuniarily in the transaction or proceedings leading up to the purchase of the water properties from the Shawnee Water Association, this court would possibly be confronted with the duty of commanding, in the interest of the public welfare, "Thou shalt not," but the fault in the matter at bar is, the record does not affirmatively show that these city officials were so privately, personally, and pecuniarily interested at the time of their public act.

There were no objections or exceptions to findings of fact.

The finding of fact, par. 14, reads:

"That the defendant, J. A. Ingram, and the said G. S. Baxter and Keb H. Warren are not stockholders in said Shawnee Water Association, and could not and would not receive any pecuniary benefits if a purchase is ever made of the rights of the Shawnee Water Association by virtue of being stockholders in said association."

It is true that the finding of fact indicates that these city officials previously owned stock in the Shawnee Water Association. It is true that the findings of fact indicate that the city officials transferred this stock to near relatives, to wit, wife, brother, and son, but we have no finding of fact relating to subterfuge, chicanery, or false dealing. We are not favored with the evidence. We cannot presume mala fides. The relatives secured the stock in January, August, and September, 1931.

In October, 1931, these officials acted in their official capacities to put in motion the proposition of issuing bonds, the proceeds of which will go to purchase the interest of the Water Association. However, we cannot even presume, in the absence of fact, finding, or evidence, that the kinsmen of the city officials retained the stock of the water association, for the law must and

does assume a standard of right conduct.

Judgment affirmed.

ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and SWINDALL and OSBORN, JJ., absent.