**TINGLEY v. TINGLEY.**

No. 25651. Dec. 8, 1936.

Rehearing Denied Feb. 9, 1937.

Bryan Phillips, Jones & Clift, and Melton & Melton, for plaintiff in error.

Morris & Wilhite, for defendant in error.

BUSBY, J. The defendant in error moves to dismiss this appeal for want of a positive averment by way of independent recital that the case-made contains all of the evidence produced on the trial of the cause. It is also averred in connection with this motion that the evidence incorporated in the case-made is actually incomplete; that certain documents offered and introduced in evidence are omitted.

We shall consider first the basis of the motion independent of the averment of incompleteness.

The independent recital which is absent from the case-made before us would, if incorporated, consist of an unsigned sheet inserted near the back of the case-made containing an averment, in substance, to the effect that all of the evidence taken before the trial court is in the case-made.

The defendant in error urges that the absence of this sheet alone should constitute ground for dismissal for cases such as the one at bar where the assignments of error relied upon require a review of the evidence. In support of this position she cites the rule which was first definitely announced by this court in September, 1904, in the case of Frame v. Ryel, 14 Okla. 536, 79 P. 97. We therein said in the syllabus:

"Unless a case-made contains a recitation to the effect that all of the evidence taken upon a trial is included therein, this court will not consider any assignment of error which necessitates a review or consideration of such evidence."

The rule thus stated was based upon consideration of principles previously announced in Bd. of Com'rs v. Hubble, 8 Okla. 169, 56 P. 1058, decided in 1899, Grand Lodge v. Furman, 6 Okla. 649, 52 P. 932, and Wade v. Gould, 8 Okla. 690, 59 P. 11, decided in 1899. The rule originated out of consideration of the necessity of definite authentication as to the completeness of the record at a time in the history of our jurisprudence when amendments to case-mades either were not allowed at all (Grand Lodge v. Furman, supra), or were permitted only under most unusual circumstances (Wade v. Gould, supra). Other early cases considering or applying the rule or some phase thereof are: Devine v. Silvers, 8 Okla. 700, 58 P. 781;

School Dist. v. Trotter, 10 Okla. 625, 64 P. 9; Pierce v. Engelkemeier, 10 Okla. 308, 61 P. 1047; Ragains v. Geiser Mfg. Co., 10 Okla. 544, 63 P. 687; Exendine v. Goldstein, 14 Okla. 100, 77 P. 45; Board of Com'rs v. Wright, 8 Okla. 190, 57 P. 203.

Thus, upon application of the rule, we dismissed those cases which did not have the independent recital referred to when the only errors assigned were those which required a review of the evidence. In other cases, in the absence of an independent recital, we limited our review to the errors which did not require a review of the evidence.

In 1905 our Legislature enacted a statute which affected the reasoning upon which the rule is based. That statute authorized the amendment of a case-made after an appeal had been filed in this court. It is now section 535, O. S. 1931, and reads as follows:

"If, after any record or case-made is filed in the appellate court, in either a civil or a criminal cause, it shall appear that any matter which is of record in the court from which the appeal is taken, touching the cause appealed, or that any evidence heard on the trial of said cause, or that any statement or certificate or motion, or other matter is omitted from such record or case-made, or are insufficiently stated therein, the appellate court may, on its own motion, or on motion of any party to such cause, may, within a reasonable time, to be fixed by the appellate court, if in session, and if not in session to be fixed by any justice of that court, prepare such omitted parts, and file such corrections in the appellate court, with like force and effect as though such corrected or added parts had been originally incorporated in the record or case-made, when first filed and no appeal shall be dismissed by reason of such errors or omissions, until an opportunity be given to supply such corrections, and if ordered by the court on its own motion, the parties shall be given reasonable notice of the time allowed, and if made on the motion of one of the parties, the party desiring to amend must give to the opposite parties such notice as the court may by rule prescribe; or the parties, appellant and appellee, may by written agreement file such corrections. If such corrections be not made within the time so allowed, then the appeal may be dismissed, or judgment be affirmed, as the court may deem proper, and such order to correct, or leave so to do, may be had at any time before the cause is finally decided by the appellate court."

The obvious purpose of the foregoing legislation was to prevent omissions from a case-made from being fatal to an appeal or the review of substantial errors in connec-

tion therewith. A method was provided for supplying such deficiencies in the record by amendments. Notwithstanding the existence of this legislation, the previously adopted rule, as well as the application thereof, survived the legislative act. See Wagoner v. Sattley Mfg. Co., 23 Okla. 52, 99 P. 643; Hanover State Bank v. Henke, 15 Okla. 631, 83 P. 926; McClelland v. Minor, 19 Okla. 104, 91 P. 863; Sawyer & Austin Lbr. Co. v. Champlain Lbr. Co., 16 Okla. 90, 84 P. 1093; Alexander v. First National Bank, 136 Okla. 251, 277 P. 667.

Alluding to the foregoing statute, it is to be noted that the statute specifically authorizes an amendment in case of omission of any "statement or certificate or motion." Upon consideration of this feature of the statute, this court held in the case of Seibold v. City of Muskogee, 155 Okla. 81, 8 P. (2d) 35, that a case-made could be withdrawn and corrected by inserting therein the independent recital under consideration, thus preserving the appeal and the right to assert errors requiring a review of the evidence. Now let us assume a case in which, as frequently occurs, there is no omission from the case-made save and except the independent recital. Thus in such instance we would have before us a case-made which is complete in every substantial respect, its only defect being the absence of a separate sheet of paper on which it is recited that the evidence incorporated therein is complete. Should we go through the empty formality of requiring the case-made to be amended under the supervision of the trial court? Should we thus impose upon the trial courts of the state the unnecessary and unproductive burden of supervising or causing to be inserted in the otherwise complete case-made an additional unsigned sheet of paper averring the completeness of the evidence, the evidence being already complete without such recital? We think no logical reason can be advanced for such a useless procedure, and, finding none, we deem it proper to modify the rule accordingly. Thus a motion to dismiss for want of a positive averment by way of independent recital that the case-made contains all of the evidence will not be sustained by this court, nor will we refuse to review the evidence on assignments of error requiring such review, unless the moving party shall, in addition to pointing out the omission in the case-made, positively aver or otherwise demonstrate that there are actual omissions of the evidence. When such additional averment is made, an opportunity may be given on proper application to correct the defect under the procedure outlined and authorized by section 535, supra. However, in cases where it is apparent that the omitted evidence would not, if incorporated in the case-made, demonstrate error of the trial court, our judgment may be one of affirmance without preliminary amendment.

It is, of course, obvious that where the plaintiff in error is asserting that the judgment of the trial court is not supported by the evidence, we cannot hold the evidence to be insufficient to support the judgment if part of the evidence in support thereof is not before us for our consideration, unless, of course, such omitted evidence is admitted to be immaterial. See State ex rel. Baldwin v. Ingram, 164 Okla. 179, 23 P. (2d) 161; Harrison v. Harman, 115 Okla. 40, 241 P. 476, and also cases previously cited in this opinion. But in cases where the only assigned error relates to the sufficiency of the evidence to support the judgment and it is apparent from an examination of the record that there is ample evidence contained therein to justify the judgment rendered in the court below, it is unnecessary that we require the formality of a supervised amendment in the trial court. The case at bar presents such a situation. While it is pointed out by the defendant in error that there are some omissions from the evidence transcribed, an examination of the record discloses that the evidence which is contained in the case-made is sufficient to sustain the judgment, a matter which we shall point out when we progress to a consideration of the case upon its merits.

In conclusion upon this point we hold that where a case is presented to this court upon appeal upon the sole theory that the evidence does not support the judgment and in which the record is incomplete by reason of omissions of evidence, this court may, in its discretion, require or authorize an amendment of the case-made for the purpose of completing the same, or, if the record justifies an affirmance of the judgment without such amendment, we may affirm the case upon the merits without the formality of such amendment. Cases which limit the relief that may be granted to a narrower field are hereby overruled.

We suggest, however, that, as a matter of advisable practice, the parties who present their case on appeal to this court upon assignments of error which require a review of the evidence should take the necessary steps to present a completed record when the same has not been completed prior to

settlement of the case-made. For the reasons stated, the motion to dismiss this appeal is denied.

This brings us to a consideration of this appeal upon its merits.

This action was commenced in the district court of Caddo county on April 21, 1933, by Nell Tingley, as plaintiff, against J. C. Tingley, as defendant. It is difficult to definitely classify the action. It started as a divorce action, but in the course of the proceedings it changed into an action for the sole purpose of determining the property rights of the parties thereto. The confused nature of the litigation is only rivaled by the confused relationship of the parties.

In her petition the plaintiff alleged, in substance, that about the year 1915, or 1916, or some time within a few years subsequent thereto, she and the plaintiff commenced living together under circumstances which were asserted by her to constitute a common-law marriage by virtue of which the parties were alleged to have become husband and wife; that they continued to live together in that relationship until about 1930, when the defendant was sent to Leavenworth penitentiary to serve a sentence imposed in connection with a felony conviction in the United States District Court. The plaintiff further alleged that defendant was released on parole in June, 1932, and returned to their home in Anadarko. Other facts concerning property matters and relating particularly to personal property were set forth in the petition. These alleged facts need not be reviewed in this opinion.

In the prayer of her petition plaintiff sought a decree of divorce and incidental relief relating to the personal property. The defendant filed an answer and cross-petition asserting, among other things, that the plaintiff had been previously married to another man who was still living and from whom no divorce had been procured. In his cross-petition he asserted, in substance, that through various conveyances the plaintiff had obtained the empty legal title to a considerable amount of real estate situated in Oklahoma. He asserted facts and circumstances relating to these conveyances which he alleged created a trust in his favor.

He asserted, in substance, that he was the equitable and beneficial owner of said property and sought to have the same restored to him. In their respective pleadings each of the parties charged the other with gross and improper conduct in matters of personal concern. · · · ·

On the second day of August, 1933, the plaintiff, for some reason which does not appear in the record, reversed her position concerning the existence of the marital relation between herself and defendant. She presented to the district court a motion and application for an order of the court adjudging and determining that she and the defendant had in truth and in fact never been husband and wife and requesting an order of dismissal as to her petition for divorce. This motion or application was sustained, and the court entered its order determining that the plaintiff and defendant had never been husband and wife and entered its further order dismissing the plaintiff's petition for a divorce. This order recited, however, that it was without prejudice to a determination of the property dispute between the parties in a court of competent jurisdiction.

Thereafter the parties evidently proceeded upon the theory that defendant's answer and cross-petition (which in the meantime had been amended), having been filed before the order of dismissal was entered, was still pending before the court. Consequently, after various preliminary pleadings had been filed, issues were finally joined involving solely the dispute between the parties over the property.

The cause was tried to the court. At the close of the evidence judgment was rendered confirming the title to a portion of the real property in Nell Tingley, but declaring that she held a portion thereof in trust for the use and benefit of the defendant. The personal property was not involved in this judgment, having been disposed of by previous determination of the court.

The defendant, J. C. Tingley, brings the action to this court for review complaining that the judgment of the trial court is against the clear weight of the evidence. We shall continue to refer to the parties by their trial court designation.

By the judgment entered on August 2, 1933, it was finally determined that the relationship of husband and wife did not exist between the parties to this action. Nevertheless it is convincingly disclosed by the record and undisputed by either of the parties hereto that for a period of time beginning at least as early as 1920 and continuing thereafter until the defendant's sojourn in Leavenworth penitentiary the parties lived together in the same house under the name of Mr. and Mrs. Tingley, and that during that time they mutually assisted each other, not only in conducting the household, but also in various enter-

prises for financial gain in which they were engaged.

When it became necessary for the defendant, J. C. Tingley, to make an appearance bond in connection with the felony charge in the United States court, Nell Tingley appeared for the purpose of executing the bond. In order for her to qualify upon the bond, J. C. Tingley, according to his testimony, conveyed to her a portion of the real estate involved in this action, being, in substance, that portion thereof which was by judgment of the trial court awarded to her. At the time of this conveyance, so J. C. Tingley testifies, it was agreed and understood between the parties to this litigation that the property would be reconveyed at a later date to Mr. Tingley. Nell Tingley has a different version of this transaction. According to her testimony, the property had been previously given to her and deeds thereto executed, but that such deeds had not been recorded. She testifies that when the United States commissioner, who was to approve the bond, inquired as to whether she was a property owner or not, she advised him of her ownership of the property, and he insisted that the deeds be recorded. She says that, as a matter of convenience and for the purpose of saving time, new deeds were executed and placed of record. In other words, her testimony is that she was already the owner of the property by virtue of prior conveyances.

It appears that prior to this time, J. C. Tingley had executed a criminal appearance bond in the state courts as surety thereon. The defendant in that criminal case defaulted and a forfeiture of the bond was entered. Subsequently a suit was brought by the state of Oklahoma on relation of the county attorney to collect on the forfeited bond and judgment was procured against the defendant, Tingley. After the judgment was procured, it was sought to realize upon the bond by levying upon the property held in the name of plaintiff, Nell Tingley. She was successful in establishing that she was the actual owner of that property, although it would appear that the defendant, J. C. Tingley, was in the penitentiary at the time this feature of the suit was tried. He was, according to Nell Tingley's testimony, fully aware of the proceedings, joined in the employment of counsel and wrote to her a number of communications which sustain the view that he considered the property involved to have then actually been the property of Nell Tingley.

Assuming without deciding that the testimony of defendant, if true, would have been sufficient to establish in this property a trust with the beneficial interest thereof in the defendant, it is apparent to us from our review of the evidence that it is amply sufficient to sustain the view taken by the trial court that the property was in truth and in fact the property of Nell Tingley.

We are unable to say, after a review of the evidence above outlined and other evidentiary facts appearing in the record (which, in the interest of brevity, we have omitted), that the judgment of the trial court was against the clear weight of the evidence. The plaintiff in error, J. C. Tingley, does not, of course, complain of that portion of the judgment by which he was granted other portions of the property, and no cross-appeal has been filed herein by the defendant in error, Nell Tingley.

It is, therefore, unnecessary for us to review the details of the transaction therein involved. In the briefs of the parties many allusions are made to rules of law particularly applicable to property disputes arising between husband and wife. In view of the solemn adjudication of the trial court that the parties hereto have never sustained that relationship, these rules are, to say the least, of doubtful application to the case at bar. Their consideration, if applicab'e, would not operate to change the result of this litigation, and we therefore deem it unnecessary to determine their applicability to the relationship here presented.

The parties tried this case upon the theory that it was a dispute between individuals for the purpose of determining the ownership of the property involved. After the evidence had closed and the parties rested, the defendant requested leave to reopen for the purpose of establishing the value of the property involved. The request was denied. The suggested evidence would have been competent and its exclusion upon timely offer improper, if the court were endeavoring to make an equitable division of property jointly acquired by husband and wife during coverture, or contemplating an award of specific property as alimony. Such, however, was not the case in this litigation. The parties were not husband and wife. We perceive no abuse of discretion in the trial court's refusal to reopen for the purpose of taking the additional evidence offered.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, J., absent.