## SOUTHERN KANSAS STAGE LINES CO. v. EBY.

No. 25871.    Jan. 14, 1936.

John T. Harley, for plaintiff in error.

Charles W. Pennel, for defendant in error.

PHELPS, J.    In the record before us we

have none of the evidence upon which the trial court entered its judgment in favor of plaintiff. Plaintiff's petition alleged that by oral contract he agreed with defendant that defendant would transport 44 pieces of office and store equipment for plaintiff from Kansas City, Mo., to Bartlesville, Okla., that he paid defendant $80 for said transportation, that defendant transported the furniture and damaged it. Going into his damages were items for the repair of said furniture, and for loss of profits covering the period of time when his store could not be operated because of the unavailability of the store furnishings during the time of repair.

The case was duly set for trial and defendant defaulted. The judgment recited that plaintiff placed in evidence, by sworn testimony, the fact of his damages. After judgment was entered for plaintiff defendant filed its motion for new trial within time, and at a hearing thereon defendant required plaintiff to testify as to the damages. Plaintiff denied that the $80 item for transportation had entered into the amount of the judgment, and we are not in position to determine otherwise, due to, the fact that we have none of the record of the original trial before us.

Plaintiff did testify that the business in which he was engaged, and for the loss of profits from which he recovered damages, was not a going business, and defendant argues that therefore recovery for that amount should not be permitted. But this argument entirely overlooks the fact that we are kept in total ignorance of the evidence on that issue at the trial proper. In spite of the fact that damages for loss of profits are frequently not allowed, in accordance with the cases cited by defendant, the evidence at the trial, so far as we know, may have disclosed certainty of loss of profits. We are not in position to say that the evidence at the trial did not sustain that item of recovery, for we do not have that evidence before us.

Defendant also contends that the nature of the cause of action did not permit the recovery of interest antedating the date of judgment. It appears from the face of the pleadings that interest was allowed on the whole sum prayed for, from September 15, 1933. It does not appear just why this particular date was selected. Delivery of the damaged goods was alleged as of August 23, 1933 and the petition was filed December 14, 1933, and the judgment rendered Feb-

ruary 17, 1934. The evidence in the trial may have developed the fact that plaintiff's damages were readily calculable on that date, and of course it is a recognized and well-established rule of law that damages for breach of a contract, or even damages from tort, may bear interest from the date upon which they may have been made certain by calculation. Section 9959, O. S. 1931.

This court has repeatedly held that where the questions presented for review by plaintiff in error depend upon consideration of the evidence introduced upon the trial in the trial court, the case-made must contain all of the evidence necessary to consideration of the topics presented. School Dist. v. Trotter, 10 Okla. 625, 64 P. 9, and cases cited; City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418; Semler v. State ex rel. Commissioners of Land Office, 163 Okla. 58, 20 P. (2d) 1041. We have no such evidence here, and even the testimony at the hearing on the motion for new trial is entirely without help to us, for it does not contradict any necessary predicate of the judgment on the trial of the action. Under such circumstances there is nothing before us to review.

The judgment is affirmed.

McNEILL, C. J., and WELCH, CORN, and GIBSON, JJ., concur.